HARVEY *v.* LEWIS.

1. CONSPIRACY—FRAUD—EVIDENCE.
   Finding of trial court that conspiracy and fraud involving for-
   mation of syndicate, acquisition of property and formation
   of corporations by defendants and conduct of rural cemetery
   by one cemetery association had not been established by plain-
   tiffs *held,* supported by evidence.

2. SAME—FRAUD—EQUITY—EVIDENCE.
   Neither conspiracy nor fraud may be assumed in any case but
   when relied on as the bases for equitable relief, they must be
   established by clear and satisfactory proof.

3. SAME—FRAUD—EVIDENCE.
   The fact that a financial venture has proved unsatisfactory to
   those engaging in it does not suggest conspiracy or fraud on
   the part of others, contributing to bring about the unfortunate
   result.

4. CEMETERIES—TITLE—EVIDENCE.
   Evidence presented in suit to obtain equitable relief based on
   alleged conspiracy and fraud on the part of certain defendants
   *held,* to show that legal title to remainder of property involved
   reposed in cemetery association, burials having already taken
   place.

5. RECEIVERS—APPOINTMENT—DISCRETION OF COURT.
   Appointment of receiver for 2 corporations involved in alleged
   conspiracy and fraud against plaintiffs *held,* not an abuse of
   discretion under record presented showing the financial future
   appears to be unencouraging.

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 11 Am Jur, Conspiracy § 56.
[5] 45 Am Jur, Receivers § 22.
[6,7] 45 Am Jur, Receivers §§ 385 *et seq.,* 391.
[8] 14 Am Jur, Costs § 98.

6. Same—Sale of Assets—Cemeteries.
   Order authorizing receiver's sale of assets of cemetery association
   is modified to provide that any sale of the real estate shall be
   subject to the condition that existing graves shall not be
   disturbed, proceedings for the vacation of a burying ground
   being subject to statute (CL 1948, § 456.21).

7. Cemeteries—Corporations—Receivers—Modification of Decree.
   Decree appointing receiver and ordering sale of cemetery asso-
   ciation's assets is modified to provide that land used for
   cemetery purposes must be sold accordingly so as not to disturb
   existing graves and that plaintiffs, claiming conspiracy and
   fraud, are limited to their rights as stockholders of the associa-
   tion or its holding company.

8. Costs—Equity—Modification of Decree.
   No costs are allowed in suit to obtain equitable relief based on
   alleged conspiracy and fraud, where decree is substantially
   modified.

Appeal from Wayne; Rashid (Joseph G.), J. Sub-
mitted April 10, 1959. (Docket No. 41, Calendar No.
48,011.) Decided October 12, 1959. Rehearing
denied November 24, 1959.

Bill by Sidney M. Harvey, William T. McAlonan,
Emma Moist and others against Daniel L. Lewis,
*et al.*, doing business as Lewis Bros., Brookdale
Cemetery Association and Brookdale, Inc., *de facto*
corporations, and others claiming damages by rea-
son of conspiracy and fraud in corporate organ-
ization and sales of property to other cemetery asso-
ciations. Opinion filed. Case partially completed
by decrees entered affirming title in 2 purchasers.
Receiver for corporations petitioned for sale of re-
maining property used as cemetery. Guardian *ad
litem* appointed to represent known and unknown
persons who may be interested. Decree of sale en-
tered. Guardian *ad litem* appeals. Modified and
affirmed.

*Walter M. Nelson (Burger & Sullivan* and *Frank Iannelli,* of counsel, for plaintiffs Harvey and Mc-Alonan; *Clarence T. Wilson,* of counsel, for plaintiff Moist and other original plaintiffs and their successors in interest), for plaintiffs.

*Stanley E. Beattie (Thomas C. Mayer,* of counsel), for John R. Starrs, receiver.

*Ralph W. McKenney,* guardian *ad litem.*

CARR, J.   This case was instituted on behalf of the plaintiffs by bill in equity filed November 22, 1952, relief being sought primarily on the bases of conspiracy and fraud.   In the course of the proceeding a receiver was appointed in circuit court to take charge of the assets of the defendant corporations, Brookdale Cemetery Association and Brookdale, Inc. The initial receiver having resigned, his successor was appointed and petitioned the court for authority to sell corporate assets for the purpose of paying outstanding obligations.   An order was entered, in accordance with the prayer of the petition, on October 7, 1958.   The guardian *ad litem* appointed by the court to represent persons who might be interested in the proposed decree of sale, and who might for any reason be incapable of representing themselves, appealed from the decree for reasons previously set forth in objections filed by him.

The case as presented to us involves the action of the trial court in authorizing the sale of assets, and particularly of certain real estate, and also the issue raised in circuit court under the pleadings there filed as to the legal title and ownership of the land embraced in the order of sale.   To the end that the latter question might be properly submitted here, it was deemed necessary to request that counsel file a transcript of the testimony taken at a hearing con-

ducted by the Honorable John V. Brennan, circuit judge, for a period of approximately 3 months following the 20th of April, 1955, together with supplemental briefs and appendices. Counsel duly complied with the request, and the first question for consideration now presented is whether the land directed to be sold by decree of the circuit court belonged to one of the corporate entities in receivership, the Brookdale Cemetery Association, as an asset of such nature that the receiver may properly be authorized to sell it for the purposes of the receivership. Obviously the determination of this question is necessary in considering the issue directly presented by the appeal relating to the action of the circuit judge in entering the decree of sale.

The issues in the case relate to matters of fact which are somewhat involved. The land in question is part of a tract of 140 acres claimed to be suitable for use for cemetery purposes. It lies within the present limits of the city of Livonia and is described in the record before us as the:

"South 7/8 of the southwest 1/4 of section 12 town 1 south, range 9 east, containing 140 acres of land, more or less."

The acreage was reduced to some extent as a result of the widening of a public thoroughfare known as Six Mile road.

The property was acquired from former owners by a corporation formed under the Michigan statute, known as Triada Orthodox Cemetery Association, the articles of incorporation of which were filed May 30, 1930. At the time of the purchase of the tract a mortgage was given to the grantors which was subsequently foreclosed with the result that the mortgagor, under date of August 10, 1936, conveyed the property by deed to the holder of the mortgagee's interest. Prior to that date the holder of said inter-

est (subject to the rights of the mortgagor) gave an option to Archie L. Waters to purchase the property for a consideration of $40,000 with a down payment of $7,500. It appears from the record that the purpose of Mr. Waters, and of others with whom he was associated, contemplated the formation of a corporation to take over the property.

A so-called syndicate was first formed, designated as Brookdale Syndicate No. 1, the managers of which were Mr. Waters and George C. Johnston. To this syndicate the plaintiffs in this case, or those under whom they claim, made subscriptions, amounting in the aggregate to $6,500, during a period from December 8, 1936, to December 15, 1937. Articles of incorporation of the Brookdale Cemetery Association were filed on September 22, 1937. Prior thereto the holder of the legal title to the 140 acres of land in question executed a quitclaim deed to Waters of said property, taking back a purchase money mortgage for $32,500. It appears that of the down payment the sum of $5,000 was advanced by defendants Lewis Brothers, and that such advance made possible the exercise of the option held by Waters.

In September, 1937, Waters, his wife joining in the conveyance, executed a quitclaim deed of the property to Reuben A. Stahl, as trustee, and the latter on the same day conveyed to Brookdale Cemetery Association. A corporation known as Brookdale Sales Company was organized in January, 1938, as a medium for the sale of lots in the cemetery, title to which had been acquired by Brookdale Cemetery Association. Shortly thereafter the defendant Brookdale, Inc., was organized, several of the plaintiffs appearing as incorporators, apparently designed to act as a holding company for the stock of Brookdale Cemetery Association. Certificates of stock in Brookdale, Inc., were issued to the plaintiffs, or to those under whom they claim.

The bill of complaint filed on behalf of plaintiffs asserts that defendant corporations, Brookdale Cemetery Association and Brookdale, Inc., were fraudulently established for the purpose of deceiving and defrauding the plaintiffs, that the Lewis Brothers, Daniel, George and Saul, were primary movers in a conspiracy to accomplish the result indicated, and that Waters and Johnston worked with them and, hence, were parties to the conspiracy. At the time suit was started in 1952, Saul Lewis, Waters, and Johnston were deceased. The bill of complaint asked that the corporate entities in question be disregarded, that the title to the property be deemed to be held in trust for plaintiffs, and that their ownership thereof be decreed by the court. Answers filed to the bill of complaint denied the charges made and denied that plaintiffs were entitled to the relief sought, or to any relief in a court of equity. Such were the issues tried on the hearing before Judge Brennan, and the proofs of the parties we find in the transcript of testimony hereinbefore referred to, comprising over 4,000 pages, which has been returned here as a part of the original record in the cause. It may be noted also that the case was dismissed as to defendants Rollings and Callahan.

Following the conclusion of the hearing Judge Brennan filed a carefully considered opinion on the various questions involved in the case. It was his conclusion that plaintiffs had failed to show any conspiracy or any fraud as charged, and that in the inception of the plan involving the formation of the syndicate, the acquiring of the property, the formation of a corporation or of corporations, and the conducting of a rural cemetery by Brookdale Cemetery Association, the parties concerned had acted in good faith and without any attempt to defraud or deceive the plaintiffs. An examination of the testimony brings us to the conclusion that Judge Brennan, who

had the advantage of seeing the witnesses, was not in error in weighing the testimony.

Particular consideration has been given to the claims of the plaintiffs as witnesses on the hearing. Their testimony does not justify a belief that they were misled in any material respect. When they signed the articles of incorporation of Brookdale, Inc., and received the certificates of stock issued to them it is a fair conclusion from the record that they knew what they were doing, and that throughout the proceeding of which they now complain they understood that, with the limited resources at its command, Brookdale Cemetery Association was endeavoring to act in accordance with the purposes for which it was formed. The testimony of plaintiffs Harvey and McAlonan indicates that they were men of practical experience in business affairs, and that until persuaded to join in the present suit they were convinced that the project into which they had entered was not financially profitable. Neither conspiracy nor fraud may be assumed in any case. When relied on as the bases for equitable relief they must be established by clear and satisfactory proof. The fact that a financial venture has proved unsatisfactory to those engaging in it does not suggest wrongdoing on the part of others, contributing to bring about the unfortunate result.

A discussion in detail of the testimony in this voluminous record would serve no useful purpose. We are impressed that Judge Brennan was right in his conclusions, that on the basis of the opinion filed by him a decree might properly have entered adjudging the title and ownership of the property in question to be in Brookdale Cemetery Association, and dismissing the bill of complaint without prejudice to the right of the plaintiffs individually to file claims as stockholders if they so desired.

Apparently for the purpose of improving its financial situation, Brookdale Cemetery Association sold certain portions of the land, remaining after the widening of Six Mile road, to Congregation Beth El, and to Mount Sinai Memorial Cemetery Association to the rights of which Congregation Adas Shalom has succeeded. Plaintiffs asserted in their bill of complaint that these conveyances were fraudulent and that the grantees were in effect parties to the fraud. Judge Brennan rejected the claim, holding in his opinion that each of the Congregations referred to held title to the lands conveyed to it free and clear of any claim on the part of the plaintiffs or any of them. Following the filing of Judge Brennan's opinion on February 29, 1956, a final decree was entered as to defendant Congregation Beth El, under date of March 20, 1956, adjudging it to be the owner and holder of the legal title to the land conveyed to it by Brookdale Cemetery Association. A like decree was filed April 3d following in favor of Congregation Adas Shalom. Under each decree plaintiffs' bill of complaint was dismissed as to the defendant named. These decrees are not before us in the instant proceeding, but they serve to emphasize the holding of the trial judge in his opinion as to the legal title and rights of ownership of Brookdale Cemetery Association in the land involved in the present appeal.

This brings us to the question whether the order or decree of sale was improperly entered by the trial court. Said decree, made October 7, 1958, recited the hearing on the petition of the receiver and the conclusion of the court that the sale should be authorized "in the best interest of creditors and of stockholders of said corporations, and necessary for the decent maintenance of the burial places of hundreds of persons." In terms, the court authorized the sale of all assets of Brookdale Cemetery Association and

Brookdale, Inc., including the land, burial rights, and stock held by Brookdale, Inc., in the Association. It further directed notice of the holding of the sale, and specified that all sales made should be subject to confirmation by order of the court. Description of the real estate, comprising 68 acres more or less, was inserted in the order presumably to avoid any possible confusion in that respect.

The guardian *ad litem* objected to the decree of sale on the ground that the alleged necessity therefor was based in part on claims not yet allowed, and that burial rights in the cemetery were not adequately protected. Such claims have been renewed on the appeal. On behalf of plaintiffs the order is challenged on the basis of claims alleged in the bill of complaint and advanced on the hearing before Judge Brennan. We have, however, concluded that Brookdale Cemetery Association held the legal title and was and is the owner of the property in question. It is apparent also from the record in the case that there was no abuse of discretion in the appointment of a receiver for these 2 corporations.

We are not prepared to say that the conclusion of the circuit judge that the sale should be made in the interests of those most directly concerned was incorrect. The history of the venture does not lend encouragement as to the future. It is also true that the pending litigation has undoubtedly exercised a prejudicial effect. It further appears that accounting actions have been or will be instituted for the purpose of determining adverse claims of certain parties. Taking all of the circumstances as disclosed by the record into consideration, and particularly the financial situation of these corporations, we conclude that this Court ought not to interfere with the discretion of the trial judge in authorizing the sale by the receiver.

. It is in evidence that following the organization of Triada Orthodox Cemetery Association, and the acquiring of the 140-acre tract described, 22 burials were made on the property. In more recent years it is claimed that approximately 400 other burials have been made subsequent to the acquiring of title by Brookdale Cemetery Association. The order or decree from which the appeal has been taken should be modified to provide that any sale of the real estate shall be subject to the condition that existing graves shall not be disturbed. Proceedings for the vacation of a burying ground are subject to the provisions of CL 1948, § 456.21 (Stat Ann § 21.841). Such portion of the 68 acres as has been used for cemetery purposes must be sold accordingly. The extent of acreage not so used, if any, and subject to sale for other purposes, is not ascertainable from the record before us. Any issue involving such matter may be considered and determined on hearing of objections to confirmation of sale.

A decree will enter in this Court modifying the decree of sale of the trial court in the respects indicated. It will specifically adjudge the legal title to the land in question, and the ownership thereof as against any claims of the plaintiffs, to be in Brookdale Cemetery Association and subject to the jurisdiction of the court in the receivership proceeding. It will further decree and adjudge that plaintiffs have no interest of any kind or description in said land as an asset of the corporation, and that the rights of plaintiffs are limited to such as may be possessed by them as stockholders in Brookdale, Inc., or Brookdale Cemetery Association. Further modification with reference to the sale will be made as above indicated. In other respects the decree as entered

in the circuit court will stand affirmed.  No costs are allowed.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.

KAVANAGH, J., did not sit.