DETROIT TRUST COMPANY *v.* BLAKELY.

1. TRUSTS—COURTS—INSTRUCTIONS—INVESTMENT OF FUNDS.

   A petition by plaintiff, 1 of 2 cotrustees, against defendant, the other cotrustee, to probate court for instructions as to propriety of a certain investment of trust funds where the 2 cotrustees differed was fully justified, and employment of counsel by plaintiff to present the matter adequately was not improper.

2. SAME—COURTS.

   A testamentary trustee who is in doubt as to what action to take with respect to his trust may properly apply to a court for direction.

3. SAME—INSTRUCTION TO TRUSTEES—COSTS.

   Costs of obtaining instruction from probate court to trustees relative to handling of the trust, where one of the trustees is in doubt as to the propriety of an investment, was properly chargeable against the corpus of the trust.

4. SAME—INSTRUCTIONS—ATTORNEY FEES.

   Charge of attorney for plaintiff cotrustee for services rendered incident to obtaining instructions from probate court to the 2 cotrustees relative to the propriety of an investment of trust funds, the reasonableness of which fee is not questioned, which was within the power of the probate court to approve at time order of instructions was entered was approved by denial of a beneficiary's petition to have plaintiff repay the trust the amount it had paid its attorney for such services.

REFERENCES FOR POINTS IN HEADNOTES

[1]  54 Am Jur, Trusts §§ 361, 384.
[2]  54 Am Jur, Trusts § 384.
[3, 5]  54 Am Jur, Trusts § 636.
[4]  54 Am Jur, Trusts § 279.
[6, 9]  2 Am Jur, Appeal and Error § 22.
[7]  2 Am Jur, Appeal and Error § 21.
[8, 10]  30A Am Jur, Judgments § 371.

5. SAME—ADMINISTRATION OF TRUST—COSTS—ATTORNEY FEES.

Costs and attorney fees that are indispensable to the proper administration of a trust are a proper charge thereon.

6. APPEAL AND ERROR—FINALITY OF ORDERS.

An order of a trial court definitely determining a matter in issue and disposing of the controversy with reference thereto is final, hence, appealable.

7. SAME—INTERLOCUTORY ORDERS.

The test of whether an interlocutory order may be appealed from is whether it affects with finality any of the rights of the parties in the subject matter or a part of it, and not whether there may be a possible, or even probable, return of such subject matter.

8. JUDGMENT—RELITIGATION.

It is generally recognized that a matter which has been litigated once and determined is not subject to relitigation.

9. TRUSTS—PETITION FOR INSTRUCTIONS—ATTORNEY FEES—ORDER OF ALLOWANCE—APPEALABILITY.

A trial court's determination that the payment by plaintiff cotrustee to its attorney for services rendered incident to presentation of plaintiff's petition for instructions with respect to investment of trust funds was proper, disposed of such matter finally, and foreclosed opportunity to try the matter again in a hearing on the allowance of accounts submitted by the trustees, hence, was final and appealable.

10. SAME—EXPENSES OF ADMINISTRATION—RES JUDICATA.

A trust estate should bear the reasonable expense of its administration and a court order approving the allowance of an item of expense should not be retried.

BLACK, KAVANAGH, and SOURIS, JJ., for dismissal of appeal.

Appeal from Wayne; O'Hara (Chester P.), J. Submitted January 8, 1960. (Docket No. 43, Calendar No. 48,295.) Decided June 6, 1960.

Detroit Bank & Trust Company, a successor trustee under the trust agreement of Jessie E. Pound, successfully opposed a proposal by cotrustee Donald W. Grant for investment of trust funds, and subsequently paid attorney fees for services therefor. Muriel J. Paul, one of the beneficiaries, petitioned

for order requiring company to restore to trust fund sums paid counsel. Petition denied. Defendant Muriel J. Paul appeals. Affirmed.

*Miller, Canfield, Paddock & Stone,* for plaintiff Detroit Bank & Trust Company.

*Donald W. Grant,* for defendant Muriel J. Paul.

Black, J. (*for dismissal of appeal*). Four years ago, in the case of *In re Fitch Drain No. 129,* 346 Mich 81, 91, an overdue acknowledgment of this Court's immediate procedural debt to the profession was written—*en solitaire*—for the record of the future.* Our continued inaction since then rises to haunt us now.

The obligation—so cast upon us by the mounting mass of perplexity section 1 of Court Rule No 60 (1945) has generated—remains past due and unpaid. To prove out this compound of contradiction I need but expose (for comparison with Mr. Justice Carr's opinion as written in this case) the record of our unpublished doings in another case where, as here, the Wayne circuit in chancery has assumed long-continuant supervisory jurisdiction over the assigned work of an appointed arm of the court.

I refer to *Harvey* v. *Lewis,* 357 Mich 305. The opinion in that case does not tell today's story. It does, however, serve as an introduction to our internal record of steady dismissal, in the same cause, of a series of appeals claimed of right from a series

---

* "I conclude with observation that this 1954 to 1956 drain case may cause our Court to take a new look at Court Rule No 60 (1945). We are overdue for an amendment plainly declaring, distinct from statute and common or uncommon law, just what in the way of circuit court judgments and orders are reviewable of right. Indeed, it would be a distinct service if we were to assemble, within the covers of one rule book and on plenary authority (Const 1908, art 7, §§ 4, 5), *all* rules of practice in courts of record. That will undoubtedly be done in the 'sweet by-and-by.' "

of like interlocutory orders.* Such orders are temporal duplicates of the order before us, as we shall see.

In *Harvey* v. *Lewis* one of the parties in interest claimed (January 31, 1959) an appeal of right from an order of the chancellor directing operation of the Brookdale Cemetery (described and considered in *Harvey* v. *Lewis, supra*). Under date of January 7, 1960 (our No. 48,164), such appeal was dismissed by this Court for want of application and grant of leave.

In the same cause one of the parties in interest claimed (May 21, 1959) an appeal of right from an order of the chancellor determining that a certain mortgage affecting the subject matter had been discharged. Under date of November 24, 1959 (our No. 48,279), such appeal was dismissed by this Court for want of application and grant of leave.

In the same cause one of the parties in interest claimed (June 12, 1959) an appeal of right from an order authorizing the payment of compensation to the receiver (*and to counsel for the receiver*). Under date of November 24, 1959 (our No. 48,332), such appeal was dismissed by this Court for want of application and grant of leave.

In the same cause one of the parties in interest claimed (June 22, 1959) an appeal of right from an order authorizing the receiver to erect a permanent building in the Brookdale Cemetery. Under date of January 7, 1960 (our No. 48,336), such appeal was dismissed by this Court for want of application and grant of leave.

In the same cause one of the parties in interest claimed (July 16, 1959) appeal of right from an order instructing the receiver to defend title to the Brookdale Cemetery (as was thereafter done in

---

* At the present writing (May 12, 1960) more such appeals (claimed of right), from additional interlocutory orders entered in the same cause, confront us for similar disposition.

*Harvey* v. *Lewis, supra*). Under date of January 7, 1960 (our No. 48,376), such appeal was dismissed by this Court for want of application and grant of leave.

What was said in *In re Fitch Drain* is as true today as in 1956. The only difference is that 4 more years of inexcusable lethargy on the part of this Court have intervened to aggravate the uncertainty of judges here and counsel below when the problem question is recurrently presented: Is this order, this judgment, this decree, appealable of right? This Court only can answer the question with tape-measured certainty. Until our membership rises in unison to rewrite said section 1 (of Court Rule No 60) in terms of blunt simplicity, the question will continue to receive dough-baked answers—good only for the day and case.

Turning now to the appeal before us. I would dismiss it for want of application and grant of leave. The appealed order is by no means final. It amounts to no more than a determination of the chancellor that he will not—on this single beneficiary's petition —surcharge the cotrustee to the extent of the fee paid its counsel (Miller, Canfield, Paddock and Stone). Save only as to one beneficiary of the trust (the petitioner herself, Muriel J. Paul), that order cannot in any conceivable way bind the parties in interest, adult and minor. The reason is that such remaining beneficiaries were not brought before the court on the occasion of entry of such order, as they previously were—with religious regularity— throughout the pendency of this continuing-since-1951 chancery proceeding.

I suggest that my venerable Brother has confused the petition for instructions, which was filed June 27, 1958 (and proceedings pursuant thereto which culminated in the chancellor's order of instructions entered July 8, 1958), with the instant petition (filed

May 18, 1959) to require the cotrustee "to replace or repay trust funds." Such former petition came to hearing only after due proceedings had been taken to bring before the court all interested parties, including the presently absent beneficiaries.[*] Nothing like that was done in pursuance of the instant petition, and no pretense to the contrary is made or indicated in the briefs before us or in the original circuit court record.

Mrs. Paul's petition brought before the court one only of the many interlocutory matters which, in the course of this continuing-over-the-years chancery proceeding of supervisory nature, has been brought and will be brought to judicial surveillance. In this instance the chancellor might well have dismissed the petition with suggestion that the presented issue be submitted when the next account of the trustees—showing the questioned disbursement to counsel—is formally offered up for judicial allowance and approval. Why? Because that is the proper way—and the proper time—to question an allegedly improper disbursement by a fiduciary; a time when all parties in interest are standing at the bar of the court.

In connection with this last observation, I would note that the "Eighth Account" of the trustees, reflecting as it should the questioned disbursement to counsel, was filed below since this appeal was

---

[*] When the former petition (for instructions) was filed, it came into court accompanied by a petition for appointment of a guardian *ad litem*. The third paragraph of such separate petition recites as follows:

"That among the beneficiaries contingent or otherwise under the trust are Stacy Blakely, Frank Warren Blakely, Bryan Wm. Blakely, and Janice Muriel Paul, and that, accordingly, it is necessary that a guardian *ad litem* be appointed to represent and protect the interest of the said minor children."

Thereupon the court appointed a guardian in pursuance of said petition. Such guardian participated properly in the proceedings, from that point on, to and including entry of the instructional order of July 8, 1958.

claimed. Such account, plus a series of preceding accounts of the trustees as filed, yet awaits due pressentation to the chancellor for adjudicatory approval. Which is to say that Mrs. Paul's petition was quite out of order and that the order of denial thereof left in its wake no prejudice to ultimate objection assigning the same reasons in support.

Justice CARR notes that no motion to dismiss this appeal has been submitted. That is true. It is equally true of numerous other instances where appeals to this Court are claimed of right (where of right they have no business here save on granted leave) ; with appellee counsel agreeably willing that the appealed matter come here for decision (with consequent involvement of appellate work which some person, some trust, some receivership, or some other client, must pay for).* But that factor provides no ground for the assumption of appellate jurisdiction when a want of such jurisdiction appears on the face of the record sent here. Otherwise, the action or inaction of counsel will determine in just too many cases that appeals belonging here only on leave may stay here for decision without such leave.

We need no motion to dismiss this appeal as a prod to duty. We do lack a liberal dose of purposeful gumption.

KAVANAGH and SOURIS, JJ., concurred with BLACK, J.

---

* "But it is said, because 'no question was raised either by counsel or by the Court as to the procedure followed' in certain cited drain cases, that this Court has relevantly 'acquiesced' in appeal of right and, on that premise, it is suggested that counsel may 'rely' on such procedure as establishing remedy of review of right. Having been a lawyer during the past quarter century this writer will take notice that sagacious counsel do on purposeful occasion refrain from raising questions, sometimes by agreement with an opponent and sometimes not, in hope of obtaining meritorious decision on more important points." *In re Fitch Drain No. 129,* 346 Mich 81, 89, 90.

Carr, J. The order of the trial court from which the appeal in this case has been taken should be affirmed. The facts are not in dispute. The attorney for appellant herein, and the Detroit Trust Company, now the Detroit Bank & Trust Company, are cotrustees of an *inter vivos* trust being administered in court. In 1958 some difference of opinion arose between the trustees with reference to the making of a certain proposed investment of trust funds. In consequence a petition was filed requesting instructions from the court with reference to the matter. In such proceeding the Trust Company was represented by counsel, the other trustee, an attorney, apparently appearing in his own behalf. Under date of July 8, 1958, the trial court entered an order holding that the investment would be improper and that it should not be made. Apparently said order contained no provision with reference to the payment of an attorney fee to counsel representing the Trust Company.

Following the action referred to counsel representing the Trust Company, as trustee, submitted a statement in the sum of $758.26 for legal services rendered in connection with the petition for instructions. Said charge was paid by the Trust Company from funds of the trust. Thereupon the cotrustee demanded that the trust fund be reimbursed in the amount named. Such demand was not complied with, and a petition was filed in the trial court on behalf of appellant, a beneficiary under the trust, for an order requiring the repayment of the attorney's fee on the ground that such payment without the consent of the cotrustee was improper and unlawful. Following a hearing the trial court denied the petition, thereby upholding and approving the payment in question. From such order this appeal has been taken.

At the outset we are confronted by the question whether the order approving the payment from trust funds was a final order and hence appealable as of right. Mr. Justice BLACK has written for dismissal on the theory that the order was merely interlocutory and could not be appealed to this Court other than on leave granted. We are not in accord with such disposition of the case. The petition for instructions filed by the cotrustees was fully justified, and to the end that the matter in dispute might be fully and fairly placed before the court the employment of counsel was not improper. Under the facts suggested by the record it was requisite that the claims of the parties to the controversy should be adequately presented.

The method of procedure followed has been approved in prior decisions of this Court. In *Evans* v. *Grossi,* 324 Mich 297, the trustees under a testamentary trust being in doubt as to the course that they should follow requested instructions and directions from the court. Citing *Hackley Union National Bank* v. *Farmer,* 252 Mich 674, such action was approved, and, the trial court having dismissed the bill of complaint, this Court passed on the matter and directed the trustees as to the course that they should follow. It was further held (p 308) that the costs of the proceeding were "a proper charge against the corpus of the trust." In the instant case the trial judge in entering his order on the petition for instructions might properly have included therein authorization for the payment of a reasonable amount to counsel representing the Trust Company. This was not done, and apparently the Trust Company, considering that it was authorized to make payment of a reasonable amount from trust funds, paid the bill rendered. The matter having been brought before the court in the proceeding now in question such action was approved, and we think

such approval has the same status as an inclusion in the prior order of authority to make such payment had the matter been handled in that way. It may be noted in passing that appellant raises no question as to the reasonableness of the charge for legal services.

The holding in *Evans* v. *Grossi, supra,* is in accord with the general rule as recognized and discussed in 90 CJS, Trusts, § 261, p 322. In the case of *Atwood* v. *Holmes,* 227 Minn 495, 500 (35 NW2d 736, 9 ALR 2d 1126), it was said:

"It is well established that when trustees are in reasonable doubt as to their official duties or powers they are entitled to instructions of the court in respect to such matters as the proper construction of the trust instrument, the extent of their powers and duties, who are beneficiaries of the trust, the character and extent of their interests, the allocation or apportionment of receipts or expenditures between principal and income, and as to the persons entitled to the income or to the trust property on the termination of the trust. * * * Costs and reasonable counsel fees may be allowed to the trustees where instructions have been properly sought. * * * It is also recognized that costs and attorneys' fees may be allowed out of the trust estate to any necessary party who is acting primarily for the benefit of the estate in securing a clarification of ambiguous trust-instrument language where a reasonable doubt as to its meaning exists. * * * In such cases, the litigation is indispensable to the proper administration of the trust and is a proper charge thereon."

Counsel for appellant has cited *Nichols* v. *Pospiech,* 289 Mich 324, in support of the claim that the Trust Company was not entitled to make payment of the charge for attorney fees, subject to subsequent approval by the court, without the approval of the cotrustee. In the case cited the question at

issue was whether one cotrustee could bind the trust by an executory contract for the purchase of land from trust funds. This Court in its opinion held that in matters of the nature in question the trustees should act together and that, in consequence, the contract was not binding. The situation in the case at bar is not of like character. Here the services were rendered for the protection and benefit of the trust, and the trial judge by his order has approved the payment thereof. In the final analysis the claim made on behalf of appellant questions the right of a trustee of an *inter vivos* trust to retain counsel in the litigation of a controversy with a cotrustee. Under circumstances of the character involved in the proceeding to obtain instructions from the court, the retention of counsel by the Trust Company was proper, as the trial court recognized.

This Court, in prior decisions, has recognized that an order of a trial court definitely determining a matter in issue and disposing of the controversy with reference thereto is final. In *Equitable Trust Co.* v. *Bankers Trust Co.*, 268 Mich 394, the claim was made that the order of the trial court from which the appeal was taken was not a final order. In its discussion the Court, speaking through Mr. Justice BUTZEL, said (pp 397, 398):

"The test, to determine whether an interlocutory order may be appealed from or not, is whether it affects with finality any of the rights of the parties in the subject matter or a part of it. The fact that there may be a possible or even a probable return of such subject matter does not warrant it being treated as a mere interlocutory proceeding *pendente lite*. *Lewis* v. *Campau*, 14 Mich 458 (90 Am Dec 245); *Barry* v. *Briggs*, 22 Mich 201."

In *Attorney General* v. *Lapeer Farmers Mutual Fire Insurance Assn.*, 297 Mich 188, it was held that an order allowing a claim in a receivership proceed-

ing was a final order and, hence, was appealable as a
matter of right. In *Cooper* v. *LaBuda*, 308 Mich
737, suit in equity was brought to foreclose a chattel
mortgage and for the appointment of a receiver.
Following a hearing an order or decree was entered
by the trial court determining the validity of the
mortgage and making an order of reference to a
circuit court commissioner for the purpose of deter-
mining the amount due to one of the parties to the
case. No appeal was taken therefrom. On the refer-
ence the circuit court commissioner conducted his
hearing and submitted findings and a report which
on motion were vacated and stricken. The parties
then stipulated with reference to the amounts of
several liens and a final decree was entered in ac-
cordance therewith repeating the determinations
made in the prior decree entered approximately 18
months previously. From such decree the plain-
tiff appealed. It was held that the first decree
entered was final and that the attempt to appeal
therefrom came too late. In consequence motion
for the dismissal thereof was granted, it being
the opinion of this Court that the first decree en-
tered had made final disposition of certain ques-
tions in controversy. While the first order or decree
in the *Cooper Case* was broader in its scope than
the order in the instant proceeding upholding the
payment for legal services rendered on behalf of
the trust fund, the general principle is definitely rec-
ognized that a matter that has been litigated once
and determined is not subject to relitigation. Such
principle should be followed in the matter now be-
fore us.

The trial court passed definitely on the matter at
issue, and neither party thereto questioned the final-
ity of such action. No motion has been submitted
here to dismiss on the ground that the order entered
was not appealable as of right. Unquestionably the

trial judge in hearing and determining the matter considered that he was disposing of the question as to the legality of the payment. Opportunity to try the matter again in a hearing on the allowance of accounts submitted by the trustees should not be afforded.

In *Ziegler's Appeal,* 139 Pa Super 486 (12 A2d 456), the question was involved as to the legality of an investment made by a trustee acting under a deed of trust. Exceptions were filed to the final account rendered, asserting among other matters that no credit should be allowed for loss under a certain mortgage. The issue had been determined on prior hearing and decided in favor of the trustee. In refusing to consider the question in the pending proceeding it was said (p 491):

"The matter now pressed before us, having been considered and judicially determined once is not now subject to review."

An interesting case bearing on the issue here involved is *In the Matter of The Bernice P. Bishop Estate,* 36 Hawaii 403. In a somewhat extended discussion it was there recognized that in the administration of a trust the estate should bear reasonable expenses incurred for assistance necessary to efficient administration, and that an order approving accounts with reference thereto should not be retried. The suggestion was made that those concerned had the right to rely on the order entered and that a contrary view would be inequitable.

For the reasons indicated we conclude that the expenses of legal services rendered to the Trust Company as cotrustee in its controversy with the other trustee was properly chargeable to the trust fund, the services in question having been rendered for its benefit and protection, that the trial judge might properly have authorized the payment for such

services in his order denying the right to make the investment urged by the cotrustee, that the subsequent approval of the payment of the account rendered was correct, and that such order was final as to the validity and propriety of such payment from trust funds. We are in accord with the factual findings of the trial court, and the order entered from which the appeal has been taken is affirmed, with costs to appellee.

Dethmers, C. J., and Kelly, Smith, and Edwards, JJ., concurred with Carr, J.