## HARVEY *v*. LEWIS.
### CLAIM OF McKENNEY, GUARDIAN.

APPEAL AND ERROR—APPOINTMENT AND FEE OF GUARDIAN AD LITEM—
DISCRETION OF COURT.

> Record on appeal from order allowing fees to guardian *ad litem*
> in receivership proceeding *held*, to indicate no abuse of dis-
> cretion in the making of the appointment or the setting of the
> disputed fee for such guardian.

BLACK, J., for dismissal of appeal.

Appeal from Wayne; Rashid (Joseph G.), J.
(Calendar No. 48,732.)  Stricken from call of April
term *sua sponte* and appeal dismissed conditionally
May 2, 1961.  Resubmitted July 1, 1961.  Decided
December 1, 1961.

For statement of case, parties, and other proceed-
ings see *Harvey* v. *Lewis,* 363 Mich 232.

Objection by plaintiffs to allowance of fees of
guardian *ad litem* to represent known, unknown, in-
competent, and contingent parties.  Order allowing
fees to Ralph W. McKenney, guardian.  Plaintiffs
appeal.  Affirmed.

*Walter M. Nelson* (*Burger & Sullivan* and *Frank
Iannelli,* of counsel for Harvey and McAlonan,
*Clarence T. Wilson,* of counsel for Henkle, Moist, and
others), for plaintiffs.

*Ralph W. McKenney,* guardian *ad litem, in propria
persona.*

REFERENCES FOR POINTS IN HEADNOTES
3 Am Jur, Appeal and Error § 982.

Black, J. (*for dismissal of appeal*). Refer to *Harvey* v. *Lewis*, 357 Mich 305, handed down October 12, 1959. On that occasion a final decree was finally entered by this Court. For details, see pages 312–315 of report. Since then, and to the date of this writing, 21 appeals from subsequent orders in the cause have been brought here, all claimed of right. Some of these appeals we have dismissed on motion. As to some others we have denied motions to dismiss. Still others await judicial disposition.

All such motions have assigned want of application and grant of leave. In each instance I have agreed with the moving party or parties. My reasons appear in *Detroit Trust Co.* v. *Blakely*, 359 Mich 621, in which some of the above-mentioned appeals—and dismissals thereof—were considered.

That was in June of 1960. Now we have more—many more. Here is the record of what counsel have persisted in bringing to this Court, since *Harvey* v. *Lewis* came to decree above, without submission of 1 or more applications for leave:

| Calendar No. | Date of filing of claim of appeal, with Supreme Court clerk |
| --- | --- |
| 48,040 | November 7, 1958 |
| 48,041 | November 7, 1958 |
| 48,042 | November 7, 1958 |
| 48,162 | February 25, 1959 |
| 48,163 | February 25, 1959 |
| 48,164 | February 25, 1959 |
| 48,279 | May 27, 1959 |
| 48,332 | June 22, 1959 |
| 48,336 | June 25, 1959 |
| 48,376 | July 21, 1959 |
| 48,728 | April 15, 1960 |
| 48,729 | April 15, 1960 |
| 48,730 | April 15, 1960 |
| 48,731 | April 15, 1960 |

|  | Date of filing of claim of ap- |
| Calendar No. | peal, with Supreme Court clerk |
| 48,732 | April 15, 1960 |
| 48,785 | June 3, 1960 |
| 48,793 | June 8, 1960 |
| 49,055 | December 15, 1960 |
| 49,399 | July 8, 1961 |
| 49,400 | July 8, 1961 |
| 49,401 | July 8, 1961 |

Final decree determining the issues presented by original pleadings having been entered and affirmed, no one of the above matters was or is appealable of right, the present one included. The latter appeal is from an order (entered April 1, 1960) which determined the *amount* of the duly appointed guardian *ad litem's* fees (and disbursements) and directed payment thereof by the receiver. The matter so determined was one of *amount* to be allowed, rather than one of *right* to be paid *some* amount. It was addressed to judicial discretion; discretion which is reviewable as of yore solely by proceedings in the nature of mandamus.

I would dismiss the appeal, with an award of costs (to the guardian *ad litem*) against plaintiffs and appellants.

To eliminate preparation and consideration of a possible application for leave to take delayed appeal from the order of April 1, 1960, the following should be added:

The guardian *ad litem* applied to Judge Rashid for an allowance of fees aggregating $20,000 in amount. He submitted testimony which, so far as the second-hand worth of print fairly discloses, may well have justified an award of that amount. Judge Rashid, understandably conservative as he proceeded to appraise the worth of such services, determined to award $10,000 only therefor. I find here no

abuse of discretion and no occasion for suggesting or directing entry of some new order for a greater or lesser amount.

EDWARDS, J. The order appealed from should be affirmed. The record presented on appeal indicates no abuse of discretion in the making of the appointment or the setting of the disputed fee.

Affirmed.

DETHMERS, C. J., and CARR, KELLY, KAVANAGH, and SOURIS, JJ., concurred with EDWARDS, J.

OTIS M. SMITH, J., took no part in the decision of this case.