Emma R. MOIST et al., Plaintiffs-Appellants,

v.

Bernard BELK, Receiver for Brookdale Cemetery Association et al., Defendants-Appellees.

No. 17849.

United States Court of Appeals
Sixth Circuit.

June 17, 1967.
Certiorari Denied Nov. 13, 1967.
See 88 S.Ct. 338.

August F. Brandt, Grosse Pointe, Mich., for plaintiffs-appellants.

John H. Shepherd, Detroit, Mich., for defendants-appellees.

Before O'SULLIVAN and PHILLIPS, Circuit Judges, and CECIL, Senior Circuit Judge.

PHILLIPS, Circuit Judge.

This case is before the court upon defendants-appellees' motion to dismiss the appeal as being frivolous. Oral arguments have been heard and briefs submitted.

Appellees' position is that all issues pleaded in the district court have been or could have been raised in the protracted proceedings in the State courts of Michigan which began November 22, 1952, and have been contested bitterly and frequently in extended litigation since that time.

In the alternative, appellees have moved that appellants be required to execute a bond for security for costs and supersedeas bond in the amount of $500,000.-00.

The articles of incorporation of Brookdale Cemetery Association, a rural cemetery association, were filed under Michigan Law September 22, 1937. Appellee is now acting as receiver of said association and an affiliated corporation, Brookdale, Inc., by decree of the Circuit Court of Wayne County, Michigan, having been appointed to succeed an earlier trustee. The State litigation began as a bill in equity, seeking relief on behalf of certain minority stockholders on charges of conspiracy and fraud. The district judge described the proceedings in the State courts as follows:

"The original petition for receivership was filed by plaintiffs herein or their predecessors in interest * * * in the Wayne County Circuit Court on November 22, 1952 which apparently prayed for the appointment of a receiver of two corporations in which plaintiffs claimed some interest and which sought a decree quieting title to certain real property now known in part as Brookdale Cemetery. Those proceedings have continued to date and have involved a vast number of appeals to the Michigan Supreme Court, variously estimated at from twenty-two to thirty-eight, which figures do not include several additional appeals to the recently convened Michigan Court

of Appeals, an intermediate appellate court."

In its reported opinion in Harvey v. Lewis, 357 Mich. 305, 98 N.W.2d 599, the Supreme Court of Michigan discussed the facts in some detail and adjudicated the issues there presented, holding, among other things: "the legal title to the land in question, and the ownership thereof as against any claims of the plaintiffs, to be in Brookdale Cemetery Association and subject to the jurisdiction of the court in the receivership proceeding." 357 Mich. at 314, 98 N.W.2d at 604. The court further decreed "that plaintiffs have no interest of any kind or description in said land as an asset of the corporation, and that the rights of plaintiffs are limited to such as may be possessed by them as stockholders in Brookdale, Inc., or Brookdale Cemetery Association." Ibid. at 314, 98 N.W.2d at 604. The Supreme Court further held that "[I]t is apparent also from the record in the case that there was no abuse of discretion in the appointment of a receiver for these two corporations." Ibid. at 313, 98 N.W.2d at 603. The court approved the action of the State Circuit Court in authorizing sale of the assets of the cemetery association, but with the modification that any sale of the real estate shall be subject to the condition that existing graves shall not be disturbed.

Thereafter the Receiver entered into a sale agreement for the sale of the land and assets of the cemetery for $450,000 to a newly formed corporation, with provision for continued use of the land for cemetery purposes. This sale was ratified and confirmed by the State Circuit Court of Wayne County on January 6, 1966. A copy of the order confirming the sale is attached as Appendix A to this opinion. The sale was affirmed on appeal by the Court of Appeals of Michigan in an order entered August 25, 1966. This order is made Appendix B to this opinion.

Under date of November 9, 1966, plaintiffs filed in the United States District Court its complaint in the present case, consisting of ninety-three typewritten pages plus some seventy-seven exhibits.

Under date of January 3, 1967, District Judge Thaddeus M. Machrowicz entered an order sustaining the motion of defendants to dismiss the complaint and directed the discharge of a certain Lis Pendens theretofore issued out of the case and filed with the Register of Deeds of Wayne County, Michigan.

Plaintiffs have perfected an appeal from the order of the district court dismissing their complaint.

In support of their motion for a supersedeas bond, appellees assert that the sale of the cemetery has been thwarted by this appeal because the title insurance company refuses to issue a title insurance commitment during the pendency of this appeal and the purchaser refuses to consummate the sale unless the commitment for title insurance is issued. It is further charged that plaintiffs have refused to enter into a stipulation whereby the property would be sold and the proceeds of the sale held in escrow pending the disposition of this appeal. Appellees aver that the only impediment to the sale of said real estate is the pendency of the appeal in the present case; and that if the purchaser should withdraw the offer to purchase for $450,000 because of the delay occasioned by this appeal, an irreparable loss could result.

The district court declined to require a supersedeas bond, for the reasons stated in his memorandum opinion which is attached as Appendix C hereto.

We do not find it necessary in the present case to reach the question of whether plaintiffs should be required to execute a supersedeas bond, because we have concluded that the appeal is frivolous and that the motion to dismiss the appeal should be sustained. The complaint in the present case is a substantial rehashing of issues previously litigated and settled in the courts of Michigan.

It appears that plaintiffs have had full opportunity to seek an adjudication of all issues during the fifteen years of litigation in the State courts.

The first prayer of the complaint in the present case asks that title and ownership of the cemetery property be decreed by the district court to be presently in the plaintiffs. The second prayer is that the district court determine that Brookdale Cemetery Association is neither a *de jure* nor *de facto* corporation. These contentions, and others made in the complaint, have been adjudicated against plaintiff by the Supreme Court of Michigan in Harvey v. Lewis, supra, 357 Mich. 305, 98 N.W.2d 599. Plaintiffs did not seek a review of that case by the Supreme Court of the United States, where they could have asserted all the constitutional rights of which they now say they were deprived.

■■ A motion urging dismissal of an appeal on the ground that it presents no substantial question for review or is frivolous or was not taken in good faith should be granted only in extreme cases. Cohen v. Curtis Publishing Co., 333 F.2d 974 (C.A.8), cert. denied, 380 U.S. 921, 85 S.Ct. 923, 13 L.Ed.2d 808, rehearing denied, 380 U.S. 989, 85 S.Ct. 1351, 14 L.Ed. 283. Motions to dismiss as frivolous are not favored by the courts where disposition requires the examination of a trial transcript. Chatham Shipping Co. v. Fertex Steamship Corp., 352 F.2d 291 (C.A.2). It has been held, however, that where a wholly unmeritorious appeal would frustrate the purpose of arbitration clauses, which were designed to provide speedy and economical solutions of labor disputes, the appeal may be dismissed on motion as frivolous even in the advance of the filing of a record. Chatham Shipping Co. v. Fertex Steamship Corp., supra. Likewise where the constitutionality of a state statute had been attacked and upheld repeatedly in both the state and federal courts, an appeal from a second application to a district court raising identical constitutional questions could be dismissed as frivolous. Waddell v. Chicago Land Clearance Commission, 206 F.2d 748 (C. A.7).

■ The court of appeals in the exercise of its plenary power may dismiss a civil appeal as frivolous in appropriate cases. United States v. Madden, 352 F. 2d 792 (C.A.9); John v. Gibson, 270 F.2d 36 (C.A.9), cert. denied, 361 U.S. 970, 80 S.Ct. 601, 4 L.Ed. 549; Jimenez v. Barber, 252 F.2d 550 (C.A.9).

■ After a thorough examination of the record, we conclude that this appeal is frivolous and that the motion to dismiss on that ground must be sustained.

The appeal is dismissed.

## APPENDIX A

### STATE OF MICHIGAN
### IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SIDNEY M. HARVEY, ET AL.,
Plaintiffs,

v.

DANIEL LEWIS, ET AL.,
Defendants.

Civil Action

No. 497–076

ORDER CONFIRMING SALE

At a session of said Court held in the City-County Building, in the City of Detroit, County of Wayne, and State of Michigan, on January 6, 1966.

PRESENT: HONORABLE JOSEPH G. RASHID
Circuit Judge

This Court having entered a Decree of Sale on October 7, 1958, and said Decree of Sale having been modified and affirmed by the Michigan Supreme Court on December 8, 1959, and said sale having been adjourned without date on January 23, 1959, and an Order Fixing Date of Sale of the assets of Brookdale Cemetery Association and Brookdale, Inc., or the stock of said corporations having been entered on November 5, 1965, and objections to said Order having been filed by the plaintiffs herein, and said sale having been conducted on December 15, 1965 at 10.00 A.M., being the time described in said Order Fixing Date of Sale, and said sale then having been adjourned to December 17, 1965 and again to December 20, 1965, and the Receiver having filed his Report of Sale, and having requested the Court to select the proposal, which under all circumstances, would be in the best interest of the Receivership Estate, and all parties in interest having been served with true copies of the Receiver's Report of Sale and Motion to Select and Confirm Sale, and the Court having taken the Report of the Receiver as well as the proposals submitted under advisement, and the Court having been duly advised in the premises,

IT IS ORDERED AND ADJUDGED that the proposal submitted by JOHN P. BABCOCK, an attorney at law, representing A. S. GREEN, as agent for a corporation to be organized, be and the same is selected, as the proposal which under all circumstances appears to be in the best interest of the Receivership Estate.

IT IS FURTHER ORDERED AND ADJUDGED that the Receiver in this cause shall proceed to conclude and the sale of Brookdale Memorial Cemetery and its assets to the corporation to be organized as purchaser, as expeditiously as possible.

IT IS FURTHER ORDERED AND ADJUDGED that immediately after consummation of the sale, the Receiver in this cause shall establish from the proceeds of sale a perpetual care fund in an amount to be determined from the books of Brookdale Cemetery Association as shall by statute in such cases be required.

IT IS FURTHER ORDERED AND ADJUDGED that the perpetual care fund shall be duly administered by Trustees who shall be appointed by the purchaser forthwith upon consummation of sale.

IT IS FURTHER ORDERED AND ADJUDGED that the right of sepulchre shall in all events be continued and maintained and the purchaser shall recognize and fulfill the legal responsibility to persons lawfully possessing rights to preneed graves in said cemetery.

IT IS FURTHER ORDERED AND ADJUDGED that all cemetery land shall be conveyed by a Receiver's Deed and free from any claims, liens and incumbrances whatsoever.

IT IS FURTHER ORDERED AND ADJUDGED that all remaining assets, except cash on hand, shall be conveyed free and clear and free from any claims, liens and incumbrances whatsoever.

IT IS FURTHER ORDERED AND ADJUDGED that the cemetery permit and all cemetery records, books, plats, diagrams or other memoranda showing grave locations, and other pertinent information necessary to enable the purchaser to continue to conduct the cemetery business on the premises be turned over to the purchaser forthwith upon the consummation of sale.

IT IS FURTHER ORDERED AND ADJUDGED that this sale shall be consummated as expeditiously as possible but in any event not later than sixty (60) days after the Order of Confirmation of Sale becomes final.

IT IS FURTHER ORDERED AND ADJUDGED that the Receiver shall by appropriate instrument indemnify and hold the purchaser harmless from any and all claims, demands, actions, or causes of action, including all attorneys' and other fees, costs and expenses incidental to the defenses thereof, arising as a result of or incidental to any act or omission by Brookdale Cemetery Association, provided, that the purchaser shall turn over to the Receiver all such claims and process relating to such actions immediately upon receipt of same for handling by the Receiver.

IT IS FURTHER ORDERED AND ADJUDGED that the Receiver in this cause shall carry out the plan of liquidation of Brookdale Cemetery Association and Brookdale, Inc. within twelve (12) months from the date of said plan.

JOSEPH G. RASHID
Circuit Judge

## APPENDIX B

AT A SESSION OF THE COURT OF APPEALS OF THE STATE OF MICHIGAN, Held at the Court of Appeals in the City of Detroit, on the Twenty-fifth day of August in the year of our Lord one thousand nine hundred and sixty-six.

Present the Honorable

T. JOHN LPSINSKI
Presiding Judge

JOHN H. GILLIS
THOMAS G. KAVANAGH
Judges

SIDNEY M. HARVEY, ET AL.,
*Plaintiffs-Appellants,*

v.

DANIEL LEWIS, ET AL.,
*Defendants-Appellees.*

Calendar #1712

Upon the filing and reading of motion to dismiss appeal and, in the alternative, motion to affirm order modifying order confirming sale entered January 7, 1966 filed by the attorney for Bernard Belk, Receiver for Brookdale, Inc. and Brookdale Cemetery Association; the appellants' answer thereto; motion to affirm order of sale filed on behalf of the estate of Daniel Lewis, deceased, Jean K. Lewis and George Lewis, defendants and appellees; appellants' answer thereto; the reply of the Lewis brothers; the replication of appellants to the reply of the Lewis brothers; and plaintiffs and appellants' brief on appeal, and the Court, being fully advised in the premises,

IT IS HEREBY ORDERED that the order of the trial court modifying the order confirming sale entered January 7, 1966 be and is hereby affirmed.

This order is entered pursuant to GCR 817.5(3), the Court having found that it is manifest that the question or questions sought to be reviewed on which the decision of the cause or matter depends, are so unsubstantial as to need no argument or formal submission.

The Court further notes its displeasure in the receiving of a brief on appeal and

other pleadings of appellants containing an unprofessional presentation of position and unnecessary discourteous reference to the trial court.

## APPENDIX C

UNITED STATES OF AMERICA
IN THE DISTRICT COURT FOR THE UNITED STATES
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMA R. MOIST, individually and as assignee of Sidney M. Harvey, and William T. McAlonon, et al,

*Plaintiffs,*

vs

BERNARD BELK, as Receiver of Brookdale Cemetery Association and Brookdale Inc., alleged Michigan Corporations, et al,

*Defendants.*

Civil Action No. 29165

## OPINION RE: RECEIVER'S MOTION FOR SECURITY FOR COSTS AND SUPERSEDEAS BOND

At a session of said court held in the Federal Building in the City of Detroit, County of Wayne, and State of Michigan, on Mar. 31, 1967.

PRESENT: HON. THADDEUS M. MACHROWICZ United States District Judge

The defendant, BERNARD BELK, Receiver of Brookdale Cemetery Association and Brookdale, Inc., brought a Motion before this Court for Security for Costs and Supersedeas Bond after the plaintiffs filed a Notice of Appeal from an Order of this Court dismissing their Complaint and discharging Notice of Lis Pendens. The undisputed facts are that the defendant, BERNARD BELK was informed on or about March 8, 1967, that the Title Insurance Company would not issue a Commitment for Title Insurance due to the pendency of plaintiffs' appeal. Plaintiffs have not requested a Stay or an Injunction restraining the sale of Brookdale Cemetery pending appeal but counsel for plaintiffs stated in open Court that he would not stipulate to an order permitting the sale to proceed and holding the funds in escrow pending appeal and further, that plaintiffs did not desire to see the sale consummated.

The defendant BERNARD BELK alleged that there would be irreparable harm to the Receivership of Brookdale Cemetery if this Court refused to Order a Bond as prayed for by defendant BELK. The defendant's allegation of irreparable harm is based upon his assertion that the Receivership Estate would lose interest on the proceeds of the sale which was confirmed by the Wayne County Circuit Court in the amount of $450,000. The defendant BELK further fears that should the purchaser refuse to consummate the sale due to the delay caused by the Appeal, there will be further damages to the Receivership Estate.

The Court is convinced that the Appeal filed by the plaintiffs may very well cause irreparable harm to the defendants but the Court is of the opinion that there is no authority in the Statutes or Court

Rules permitting a bond to be fixed where the losing parties have not themselves requested a formal Stay or an Injunction pending Appeal. Defendant BERNARD BELK has urged upon the Court the theory that this Appeal which includes a challenge to the Court's ruling that the Notice of Lis Pendens must be discharged, has the effect of granting the plaintiffs a Stay without their having to make a formal request. Again, the Court agrees that by filing their Appeal, the plaintiffs are obtaining what they really desire, namely a delay of or a prevention of the sale but the Court has not been able to find authority for the proposition that it may Order a Bond in the absence of a formal request for a Stay filed by the plaintiffs.

Accordingly, an Order Denying the Receiver's Motion for Security for Costs and Supersedeas Bond will be entered.

/s/ THADDEUS M. MACHROWICZ
United States District Judge