THE STATE, EX REL. BARTLETT, APPELLANT, *v.* BAYNES, JUDGE, ET AL., APPELLEES.

[Cite as State, ex rel. Bartlett, v. Baynes, 20 Ohio St. 2d 129.]

(No. 69-346—Decided December 17, 1969.)

*Mr. Kelsey D. Bartlett, in propria persona.*

*Mr. Harry Friberg,* prosecuting attorney, *Mr. Melvin L. Resnick* and *Mr. John C. Wasserman,* for appellees.

*Per Curiam.* This cause is here on appeal from a judgment of the Court of Appeals sustaining a demurrer to and dismissing a petition in mandamus and prohibition, filed originally in that court.

In his petition, relator sought to prevent the enforcement of an order for relator to submit to a psychiatric examination, ordered by respondent Judge Gerald Baynes.

That order was made by Judge Baynes, a judge of the Common Pleas Court of Madison County sitting by assignment in Lucas County, in an action filed by relator in the Common Pleas Court of Lucas County.

In this court, relator-appellant contends that Judge Baynes is a judge of the Common Pleas Court of Madison County; that he is acting as judge in Lucas County without authority; and that he had no authority to make the order complained of.

Section 4 (A), Article IV of the Ohio Constitution, provides, in pertinent part:

"There shall be a Court of Common Pleas in each county of the state. Any judge of a Court of Common Pleas may temporarily hold court in any county."

Section 5(A)(3), Article IV of the Ohio Constitution, provides:

"The Chief Justice * * * as necessity arises, shall assign any judge of a Court of Common Pleas temporarily to sit or hold court on any other Court of Common Pleas * * *."

Section 2503.04, Revised Code, provides, in pertinent part:

"* * * When an unusual number of cases have accumulated in the Court of Common Pleas of any county, the Chief Justice may, without request, assign judges from other counties to aid in the disposition of such business. * * *"

The record in this case discloses that on February 14, 1969, the Chief Justice of this court assigned Judge Baynes to preside and hold court in Lucas County on the January 1969 term of court.

The extraordinary writs of prohibition and mandamus may not be used to prevent the rendering of an alleged erroneous judgment by a court in a cause which it is authorized to adjudicate or as a substitute for an available, ordinary and adequate remedy. *State, ex rel. Pressley,* v. *Indus. Comm.,* 11 Ohio St. 2d 141. The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., MATTHIAS, O'NEILL, SCHNEIDER, STRAUSBAUGH, DUNCAN and CORRIGAN, JJ., concur.

STRAUSBAUGH, J., of the Tenth Appellate District, sitting for HERBERT. J.