Kelsey D. BARTLETT, Plaintiff-Appellant,

v.

John C. CONNORS et al., Defendants-Appellees.

No. 71–1402.

United States Court of Appeals,
Sixth Circuit.

Feb. 4, 1972.

---

Kelsey D. Bartlett, in pro. per.

John Wasserman, Sp. Counsel, Toledo, Ohio, for defendants-appellees; William J. Brown, Atty. Gen., Columbus, Ohio, Harry Friberg, Pros. Atty., Lucas County, Ohio, Melvin L. Resnick, Asst. Pros. Atty., Toledo, Ohio, on brief.

Before PHILLIPS, Chief Judge, and EDWARDS and BROOKS,* Circuit Judges.

PHILLIPS, Chief Judge.

This appeal is from the order of the District Court dismissing the complaint.

The suit was filed by Bartlett December 18, 1970, against two judges of the Court of Common Pleas of Ohio and John Wasserman, a special Assistant Attorney General of Ohio. An injunction was sought against the enforcement of orders issued by the two Common Pleas Judges in proceedings then pending in the State Courts. An injunction also was sought to restrain the office of the Attorney General of Ohio from representing the defendants in the State Court actions. Damages were prayed against defendant Wasserman. Jurisdiction is asserted under 28 U.S.C. §§ 2201–02, 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983.

---

\* Judge Brooks participated in the decision in this case and concurred in the result reached in this opinion prior to his death on December 30, 1971.

The complaint avers that plaintiff was illegally confined in Ohio mental institutions from April 14, 1954, until June 30, 1955, citing In re Bartlett, 108 Ohio App. 93, 161 N.W.2d 76 (1958); that plaintiff filed suit in the Common Pleas Court of Lucas County under style of Bartlett v. Duty, et al., No. 195765, "for redress for this illegal detention and related torts;" that plaintiff was confined at Toledo State Hospital for a period of approximately a week in December 1957 and thereafter the Probate Court of Lucas County found him not to be mentally ill; that plaintiff then filed another suit in the Common Pleas Court of Lucas County, No. 198915, for "said illegal confinement in December 1957 . . . and related torts," and that the defendant Common Pleas Judge entered orders requiring plaintiff to submit to a psychiatric examination.[1]

After the present case was filed in the District Court, both pending cases in the State courts were dismissed because of the refusal of Bartlett to submit to a psychiatric examination. Copies of the orders of dismissal are a part of the record in this case.

Bartlett sought in the State court to vacate the psychiatric examination orders, asserting "blatant denial of constitutional rights." The basis of his attack upon these orders in the State court appears to be the same as the ground for his action attacking these orders in the District Court in the present case. Relief was denied in the State court. The record reveals no effort to appeal in the State courts of Ohio from the refusal of the Common Pleas Court to vacate the psychiatric examination orders and the subsequent dismissal of his suits.

We recognize that in an appropriate case a plaintiff is free to seek redress in federal court for alleged deprivation of Constitutional rights and is "at liberty to invoke the federal remedy without first pursuing that provided by state procedure." American Surety Co. v. Baldwin, 287 U.S. 156, 164, 53 S.Ct. 98, 101, 77 L.Ed. 231 (1932). However,

"[h]aving invoked the state procedure which afforded the opportunity of raising the issue . . . [he] can not utilize the same issue as a basis for relief in the federal court. Federal claims are not to be prosecuted piecemeal in state and federal courts, whether the attempt to do so springs from a failure seasonably to adduce relevant facts or from failure seasonably to pursue the appropriate state remedy." Id. at 169, 53 S.Ct. at 102–103 (citations and footnote omitted). Cf. Moist v. Belk, 380 F.2d 721 (6th Cir.), cert. denied, 389 U.S. 960, 88 S. Ct. 338, 19 L.Ed.2d 369 (1967). Accord, Johnson v. Department of Water and Power, 450 F.2d 294, 295 (9th Cir. 1971).

The complaint filed by Bartlett makes reference to Rules 35 and 86 of the Ohio Rules of Civil Procedure. These rules were prescribed by the Supreme Court of Ohio and submitted to the 108th General Assembly of Ohio. 22 O.S.2d xix. Rule 35 is one of the discovery rules, relating to physical and mental examinations. Rule 86 provides for the effective date of the rules. The interpretation and application of these rules is the prerogative of the State courts. If, under Ohio discovery procedure in two tort actions, the Court of Common Pleas erred in requiring Bartlett to submit to a psychiatric examination and in dismissing his tort suits for failure to do so, his remedy is by review in the appellate courts of Ohio and ulti-

1. While the two suits were pending in the State courts, the Supreme Court of Ohio affirmed the action of the State Court of Appeals denying writs of prohibition and mandamus. State ex rel. Bartlett v. Baynes, 20 Ohio St.2d 129, 253 N.E.2d 748 (1969), cert. denied, 400 U.S. 838, 91 S.Ct. 77, 27 L.Ed.2d 72. For other litigation in Federal Courts, see opinion of then District Judge Paul C. Weick in Bartlett v. Duty, D.C., 174 F.Supp. 94, 84 Ohio Law Abst. 555 (1959), and Bartlett v. Weimer, 244 F.2d 955 (6th Cir. 1957), affirming decision of District Judge Frank LeBond Kloeb.

mately, if necessary to vindicate rights under the Constitution of the United States, to seek review in the Supreme Court of the United States. Atlantic Coast Line R. R. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970). The question of whether the Attorney General of Ohio should provide legal representation for defendants in the two State tort actions also is a question of State law to be determined by the State courts.

We conclude that the District Court did not err in dismissing the complaint.

Affirmed.