HASKINS *v*. BELL.

1. ATTORNEY AND CLIENT—PAYMENT—FEES.
   An attorney has the duty to pay over to his client any sum received for the client over and above the amount owed him by that client.

2. SAME—NATURE OF RELATION—FEES.
   The relation of attorney and client is one of confidence based upon the ability and integrity of the attorney; and the attorney cannot withhold money belonging to his client in order to make the latter agree to unreasonable terms for professional services rendered.

3. SAME—LIEN FOR SERVICES.
   *Sua sponte* order of Supreme Court limiting amount of attorney's lien for services to plaintiff clients in condemnation proceedings to $998.10, as stipulated being owed by plaintiffs is ordered entered, where defendant attorney has retained checks totalling $13,458.33 for over 6 years without having taken steps toward judicial determination of the amount-disputed lien upon the property of the clients, and that fees of attorney engaged by defendant be paid from the sum awarded defendant attorney (Court Rule No 4 [1945]).

4. COSTS—ATTORNEY FEES—SUA SPONTE ORDER BY SUPREME COURT.
   No costs are awarded plaintiff clients on defendant attorney's appeal from judgment for them in their proceeding to recover sums withheld by the attorney which he had received some 6 years ago as their attorney in condemnation proceedings, where the Supreme Court has, *sua sponte,* substantially reduced amount allowed by trial court (Court Rule No 4 [1945]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Attorneys at Law §§ 177, 300.
[2] 7 Am Jur 2d, Attorneys at Law § 92.
[3] 7 Am Jur 2d, Attorneys at Law § 272 *et seq.*
[4] 14 Am Jur, Costs § 91 *et seq.*

Appeal from Wayne; Murphy (Thomas J.), J. Submitted May 5, 1964. (Calendar No. 36, Docket No. 50,298.) Decided July 8, 1964. Rehearing denied October 5, 1964.

Petition by Walter Haskins and Mary Haskins, formerly Mary Sheme, under court rule to compel William J. Bell, attorney, to turn over to them money in his possession upon which he claimed lien for services. Judgment for plaintiffs, with determination of fee. Defendant appeals. Order vacated and additional relief afforded plaintiffs *sua sponte.*

*Everett D. Crowe* and *John C. Ray,* for plaintiffs.

*William J. Bell, in propria persona.*

BLACK, J. Disposition of this appeal is controlled by what was said and done in *Robinson* v. *Hawes,* 56 Mich 135, 139, 140, followed in *Reech* v. *Polk,* 269 Mich 252, 257. Having declared it the duty of an attorney to pay over, to his client, any sum he has received for the client over and above the amount owed him by that client, the Court in *Robinson* went on to say:

"In a case where there is a disagreement between the attorney and client as to the amount due him for professional services, and the attorney retains in good faith what he believes to be justly his due, he would not be liable to the client in this form of action; he would not be guilty of professional misconduct or a violation of professional duty. But the evidence in this case shows that the amount retained was far beyond the amount owing to defendant, and also that the pretext upon which the defendant claimed the right to keep it was unfounded in fact; and the inference to be drawn is that it was not detained by defendant in good faith, or in the honest belief that it was fairly due to him from the

plaintiff. The relation of attorney and client is one of confidence based upon the ability, honesty, and integrity of the attorney; and he cannot be justified in retaining in his hands money belonging to the client, for the purpose of forcing the client to settle at unreasonable terms demanded by the attorney, or for the purpose of driving a hard and extortionate bargain with his client. The honor of the profession, as well as the dignity and purity of courts of justice, whose officer the attorney is, require that such practices shall not be sanctioned."

Walter and Mary Haskins filed in the Wayne circuit a Rule No 4 (1945) petition praying that their former attorney, William J. Bell, "turn over the award checks and the court determine the fee for the legal services" rendered them by Mr. Bell.* Three award checks, thus mentioned, are now held by Mr. Bell. Mr. Bell has held them ever since he wrote petitioners, as follows, on May 28, 1958:

"I received in this morning's mail 3 checks from the highway department payable in the amounts, et cetera, as follows:

#1. Check #11533 to Walter Haskins in the amount of $5,625.00 (Dated May 22, 1958).

#2. Check #11531 to Walter Haskins in the amount of $3,916.66 (Dated May 22, 1958).

#3. Check #11532 to Mary Sheme in the amount of $3,916.67 (dated May 22, 1958).

"I am holding these checks in my file subject to the payment of the following, viz:"

---

* Court Rule No 4 is now GCR 1963, 908. It reads:

"Attorneys and counselors are officers of the courts of this State and as such are subject to the summary jurisdiction of such courts. The circuit court of the county in which an attorney resides or has an office has jurisdiction, on verified written complaint of any client, either in person or by attorney and after reasonable notice and hearing, to make any order for the payment of money or for the performance of any act by the attorney which law and justice may require. All courts of record have a like jurisdiction as to all such complaints regarding matters arising in suits or proceedings in such courts."

(Here followed a detailed statement of claim for fees said by Mr. Bell to be owing him, by petitioners, on account of 4 separate matters.)

At that time Mr. Bell estimated the total of such fees as being $10,086 in amount.

The Rule No 4 proceeding was conducted before Circuit Judge Thomas J. Murphy, of the Wayne circuit. Mr. Bell presented considerable testimony concerning the claimed value of his services. His own testimony makes up 223 pages of the appellant's appendix on appeal. The total fee demanded by Mr. Bell, upon such hearing, came to $6,724.21 ($998.10 of such amount was stipulated by petitioners as owing to Mr. Bell). In addition Mr. Bell demanded and now demands, by what he terms a "Rule 4 cross-petition in tort" (filed November 26, 1962), judgment for damages against his former clients specified in such pleading as follows:

"For loss of time up to and including
May 31, 1962 ........................ $4,791.00
Estimated loss of time as an incident
to Rule 4 proceeding ................. 500.00
Retainer paid Mr. John T. Lunger-
hausen on May 22, 1961 ............... 100.00
Estimated balance due Mr. Lunger-
hausen for professional services ....... 400.00
Moneys paid out for photocopies, et
cetera ............................... 6.83
Estimated expense for parking, car
expense, and telephone calls incidental to
conferences with Mr. Lungerhausen at his
office at Mt. Clemens ................. 50.00
                                    ──────────
Total damages claimed as above
stated ............................... $5,847.83"

Judge Murphy ordered:

"It is further ordered and adjudged that plaintiffs cause said checks to be indorsed, either personally

or by valid power of attorney, said indorsement to run to Edgar M. Branigin, county clerk for the county of Wayne, and that the said county clerk deposit same in the bank, and he is hereby authorized and directed to do so and from the proceeds thereof he is authorized and directed to pay to William J. Bell the sum of $2,222.51; to the director of internal revenue the sum of $1,226.76, for the account of Walter Haskins to be delivered to Louis F. Dingell, field audit department, 700 Cadillac Tower, Detroit, and to Frederick G. Dewey the sum of $200 and to pay the balance of the proceeds of the said checks to Walter Haskins and Mary Haskins, formerly Mary Sheme, plaintiffs herein, and to be delivered to Everett D. Crowe, their attorney."

Viewing this regrettable record in conjunction with the judicial policy announced in *Robinson* and *Reeck, supra,* it is ruled that Mr. Bell's inexcusable conduct calls *sua sponte* for a new order limiting the amount of Mr. Bell's lien to the stipulated sum of $998.10. Mr. Bell retained, for what is now more than 6 years, the rightful property of his former clients. He failed for years to take any steps toward judicial determination of the amount of his amount-disputed lien upon such property. At no time, until his clients were forced finally to proceed under Rule 4, did Mr. Bell claim that such clients owed him an amount equaling or exceeding the sum of the checks held by him, namely, $13,458.33. Figuring legal interest on any fair sum Mr. Bell's clients should promptly have received, there is no other way to rectify matters for his former clients, positioned as are these petitioners, excepting as now ordered.

The circuit court's order is vacated with direction that the award to Mr. Bell be limited as provided above; that the lien of the internal revenue service upon Mr. Haskins' share of proceeds be paid as originally directed, and that the fees of Attorney

Dewey (Attorney Dewey having been engaged in behalf of Mr. Bell rather than petitioners) be paid out of the sum of $998.10 Mr. Bell is to receive.

No costs, the foregoing judgment having been entered on motion of the Court.

Kavanagh, C. J., and Dethmers, Kelly, Souris, Smith, O'Hara, and Adams, JJ., concurred.