SWICKARD v WAYNE COUNTY MEDICAL EXAMINER

Docket No. 148653. Submitted August 4, 1992, at Detroit. Decided September 21, 1992, at 9:10 A.M. Leave to appeal sought.

Joe Swickard, a staff writer for the Detroit Free Press, brought an action in the Wayne Circuit Court against the Wayne County Medical Examiner, seeking disclosure under the Freedom of Information Act of the results of an autopsy performed on a Detroit district court judge who apparently had committed suicide. The court, Roland L. Olzark, J., issued an order compelling disclosure, but did not award attorney fees and costs requested by the plaintiff. The defendant appealed, and the Court of Appeals, CAVANAGH, P.J., and McDONALD and MARILYN KELLY, JJ., affirmed (Docket No. 127076). 184 Mich App 662 (1990). The defendant appealed by leave granted, and the Supreme Court affirmed (Docket No. 89602). 438 Mich App 536 (1991). Neither appellate court awarded attorney fees or costs. Plaintiff filed a motion in the trial court for attorney fees and costs twenty-one days after the Supreme Court issued its opinion. The court, Roland L. Olzark, J., found that an award of attorney fees was mandated by MCL 15.240(4); MSA 4.1801(10)(4) and entered an order awarding the plaintiff attorney fees. The defendant appealed.

The Court of Appeals *held:*

The plaintiff was entitled to the attorney fees and costs incurred. There is no time limit imposed by MCL 15.240; MSA 4.1801(10) upon a prevailing party's request for attorney fees, and the circuit court had jurisdiction to enter the award. A remand for a determination of the additional amount of attorney fees and costs incurred in this appeal is not appropriate because the plaintiff failed to demonstrate that the prosecution of this appeal was necessary to, and had a causative effect on, the delivery of or access to the documents that were the substantive material obtained. Further, this appeal was not a

REFERENCES

Am Jur 2d, Appeal and Error §§ 352-357, 990; Costs §§ 10-14, 21, 72-81; Records and Recording Laws §§ 12-31.

See the Index to Annotations under Appeal and Error; Attorneys' Fees; Costs of Actions; Freedom of Information Acts.

continuation of the process started in the trial court that had any causative effect on the disclosure. In addition, this appeal would have been unnecessary had a more appropriate course of action been pursued with regard to the attorney fees and costs during the proceedings in the circuit court, the Court of Appeals, and the Supreme Court in the underlying action.

Affirmed.

1. RECORDS — FREEDOM OF INFORMATION ACT — ATTORNEY FEES — COSTS.

A party who prevails completely in an action asserting the right to inspect or receive a copy of a public record under the Freedom of Information Act is entitled to reasonable attorney fees, costs, and disbursements; no time limit is imposed upon a prevailing party for making such a request (MCL 15.240[4]; MSA 4.1801[10][4]).

2. APPEAL AND ERROR — MANDATE — COURTS — JURISDICTION.

A lower court reacquires the jurisdiction that it lost by the initiation of appellate review when the mandate of the appellate court is filed in the lower court.

*Honigman Miller Schwartz & Cohn* (by *Herschel P. Fink* and *Michael A. Gruskin*), for the plaintiff.

*Saul A. Green,* Corporation Counsel, and *Ellen E. Mason,* Assistant Corporation Counsel, for the defendant.

Before: MICHAEL J. KELLY, P.J., and GRIFFIN and BRENNAN, JJ.

MICHAEL J. KELLY, P.J. Defendant appeals as of right from a January 10, 1992, order of the Wayne Circuit Court awarding plaintiff attorney fees pursuant to § 10(4), MCL 15.240(4); MSA 4.1801(10)(4), of the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*

On January 4, 1990, a Detroit district court judge committed suicide. An attempt by Detroit Free Press personnel to obtain the autopsy report from defendant collided with defendant's policy to make autopsy reports available only pursuant to

authorization. For the results of that litigation see *Swickard v Wayne Co Medical Examiner,* 184 Mich App 662; 459 NW2d 92 (1990), aff'd 438 Mich 536 (1991). Although plaintiff had requested attorney fees and costs in his FOIA complaint filed on March 14, 1990, the trial court's order did not provide for an award of attorney fees and costs. Neither did this Court nor the Supreme Court.

The Supreme Court's decision was issued on September 19, 1991. On October 11, 1991, plaintiff filed a motion in the trial court for attorney fees and costs. Defendant responded, claiming that the trial court lacked jurisdiction, and that, even if it had jurisdiction, plaintiff was not entitled to attorney fees because his employer, the Detroit Free Press, a nonparty, financed and paid for the litigation. The trial court decided that, because plaintiff had prevailed completely, pursuant to MCL 15.240(4); MSA 4.1801(10)(4) and *Kestenbaum v Michigan State Univ,* 414 Mich 510; 327 NW2d 783 (1982), an award of attorney fees and costs was mandatory. The trial court essentially ignored any difference in identity between the plaintiff and the Detroit Free Press, finding that plaintiff had acted entirely on behalf of the Detroit Free Press, that defendant was at all times aware of that relationship, that the attorney fees and costs had been incurred, and that the Supreme Court's failure to remand for an award of attorney fees was simply a mistake, "an obvious oversight," that the trial court undertook to remedy.

As a general rule, appellate courts do not retain jurisdiction of cases after issuing opinions and orders in pursuance thereof. *People v Kennedy,* 384 Mich 339, 342; 183 NW2d 297 (1971). The court rules governing the appellate courts contemplate return of the original record to the court from which the appeal was taken whether the

appeal results in affirmance, reversal, or remand for a specified purpose. *Id.* Upon return of the record, the lower court is again vested with jurisdiction over the cause. *Id.* at 343. See, also, *People v Bright,* 126 Mich App 606, 610; 337 NW2d 596 (1983); *People v Pawelczak,* 125 Mich App 231, 241; 336 NW2d 453 (1983). When the mandate of an appellate court is filed in the lower court, that court reacquires the jurisdiction it lost by the initiation of the review proceedings. *Id.*

Defendant stipulated the reasonableness and the amount of the attorney fees incurred, but contended plaintiff had not incurred them and was not entitled to reimbursement for them.

We hold that plaintiff was entitled to the attorney fees and costs incurred. The general rule in Michigan prohibits an award of attorney fees as an element of costs or damages absent express authorization by statute, court rule, or recognized exception. *Dunn v Emergency Physicians Medical Group, PC,* 189 Mich App 519, 523; 473 NW2d 762 (1991); *Newport West Condominium Ass'n v Veniar,* 134 Mich App 1, 17; 350 NW2d 818 (1984). MCL 15.240(4); MSA 4.1801(10)(4) provides:

> If a person asserting the right to inspect or to receive a copy of a public record or a portion thereof prevails in an action commenced pursuant to this section, the court shall award reasonable attorneys' fees, costs, and disbursements. If the person prevails in part, the court may in its discretion award reasonable attorneys' fees, costs, and disbursements or an appropriate portion thereof. The award shall be assessed against the public body liable for damages under subsection (5).

Reasonable fees and other expenses must be awarded to a requester who prevails completely. *Michigan Tax Management Services Co v City of*

*Warren,* 437 Mich 506, 509; 473 NW2d 263 (1991). MCL 15.240; MSA 4.1801(10) does not impose a time limit upon a prevailing party's request for attorney fees. If that is an oversight, the Legislature can cure it.

When queried at oral argument in this Court about the defendant's contention that the Detroit Free Press was the real party in interest and plaintiff Joe Swickard had not incurred attorney fees, counsel emphasized the mandatory character of the award and suggested that MCR 2.201(B) and MCL 600.2041; MSA 27A.2041 would be rendered inapposite by ordering the fees and costs payable to plaintiff, and defendant should make its check out to Joe Swickard and his attorneys. Although there is a certain logic to this suggestion, we are constrained to employ the test of *Michigan Tax Management, supra,* and find that the circuit court's determination regarding the party to whom the award was payable was not an abuse of discretion because all parties were clearly aware of the purpose and the instrumentality of this litigation and any procedural barrier could have been cured by simple amendment, joinder, or other appropriate action at any stage in the proceedings.

Plaintiff filed his motion twenty-one days after the Supreme Court issued its opinion affirming the decision of the lower court. While it would be the better practice to request costs and attorney fees at the time the court orders the requested documents produced, there is no imperative in the statute or court rules that requires such economy of procedure. We think there should be, but there presently is not. Compare *Giannetti Bros Construction Co, Inc v Pontiac,* 152 Mich App 648, 657; 394 NW2d 59 (1986).

Plaintiff requests that this Court remand the case to the trial court for a determination of the

additional amount of attorney fees and costs incurred in this appeal. Plaintiff has belatedly filed an affidavit in connection with those attorney fees, which we ordered stricken as an expansion of the record below. We decline to remand, because plaintiff has failed to demonstrate that prosecution of this appeal was necessary to, and had a causative effect on, the delivery of or access to the documents that were the substantive material obtained. Further, we find that the appeal was not a continuation of the process started below that had any causative effect on the disclosure. *Hartzell v Mayville Community School Dist,* 183 Mich App 782, 788-790; 455 NW2d 411 (1990). This appeal would have been unnecessary had the more appropriate course of action been pursued with regard to the attorney fees and costs during the preceding circuit court, Court of Appeals, and Supreme Court litigation in the underlying action.

Affirmed. No costs on appeal.