MACOMB COUNTY TAXPAYERS ASSOCIATION v L'ANSE
CREUSE PUBLIC SCHOOLS

Docket No. 172066. Submitted July 13, 1995, at Lansing. Decided
August 25, 1995, at 9:05 A.M. Leave to appeal sought.

The Macomb County Taxpayers Association and several of its
members brought an action in the Macomb Circuit Court
against L'Anse Creuse Public Schools and eleven other out-of-
formula Macomb County school districts, seeking to enjoin the
school districts from participating in tax base sharing pursuant
to the school district commercial and industrial property tax
base sharing act, 1991 PA 108; MCL 380.751; MSA 15.4751, and
from making any payments to poorer in-formula school dis-
tricts. The Departments of Treasury, Education, and Attorney
General intervened as defendants and filed a cross-claim
against the school districts, seeking to compel tax base sharing
or reimbursement of state aid accepted by the school districts.
The plaintiffs amended their complaint to further allege that
1991 PA 108 was unconstitutional. By stipulation of the par-
ties, eight of the school districts each added one of its school
board members as a defendant. The school districts and the
school board members filed a cross-claim against the state
departments, alleging that 1991 PA 108 was unconstitutional.
On motions by the parties for summary disposition, the court,
Lido V. Bucci, J., ruled that 1991 PA 108 violated Const 1963,
art 9, § 29 in providing that loss of state aid would be the
sanction for refusal by a school district to share tax revenues.
The association and those of its members who were parties to
the action, the school districts, and the school board members
sought costs and attorney fees pursuant to Const 1963, art 9,
§ 32. The court denied costs and attorney fees to the association
and the school districts, but granted costs and attorney fees to
the individual association members and school board members.
The state departments appealed.

The Court of Appeals *held:*

REFERENCES

Am Jur 2d, Taxpayers' Actions §§ 63, 64.

Allowance of counsel fees in taxpayer's action in state court. 89
ALR3d 690.

1. The appeal by the state departments from the final order regarding costs was a timely appeal as of right. Contrary to the contention of the school districts and school board members, the state departments did not have to take their appeal from the earlier trial court order that disposed of the substantive issues of the case.

2. Costs, as recoverable under Const 1963, art 9, § 32, include attorney fees.

3. A taxpayer does not incur costs that are recoverable under Const 1963, art 9, § 32 unless the taxpayer has become liable for payment of costs and attorney fees associated with a successful enforcement of Const 1963, art 9, §§ 25-31. Because the association and the school districts, and not the association members and school board members, are liable for the costs and attorney fees at issue, the association members and school board members may not recover costs and attorney fees.

Affirmed in part and reversed in part.

Costs — Attorney Fees — Headlee Amendment.

A taxpayer whose suit to enforce the provisions of Const 1963, art 9, §§ 25-31 is sustained may recover costs and attorney fees incurred in bringing the suit where the taxpayer is liable for the payment of costs and attorney fees, but not where another party is liable for such payment (Const 1963, art 9, § 32).

*Sawyer, Johnston & Chmura* (by *John Chmura*), for Macomb County Taxpayers Association and others.

*Hardy, Lewis, Pollard & Page, P.C.* (by *Dennis R. Pollard* and *Neil H. Goodman*), for L'Anse Creuse Public Schools and others.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Paul J. Zimmer,* Assistant Attorney General, for the Department of Treasury and others.

Before: Taylor, P.J., and McDonald and J. G. Collins,* JJ.

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

TAYLOR, P.J. Intervening defendants, Michigan Department of Treasury, Michigan Department of Education, and Michigan Department of Attorney General (state defendants), appeal as of right the trial court's order awarding attorney fees to individual defendants who are school board members, and to individual plaintiffs who are members of the Macomb County Taxpayers Association. We affirm in part and reverse in part.

The Macomb County Taxpayers Association, a voluntary unincorporated association, and several of its members originally brought this action against twelve out-of-formula Macomb County school districts, seeking an injunction to prevent them from participating, pursuant to the school district commercial and industrial property tax base sharing act, 1991 PA 108, MCL 380.751; MSA 15.4751, in tax base sharing, and also to bar the school districts from making any payments to poorer in-formula school districts. State defendants intervened and filed a cross-claim against the school districts, requesting that the court compel tax base sharing or order reimbursement of state aid accepted by the school districts. The association and its members then filed an amended complaint against state defendants alleging the act was unconstitutional. By stipulation of the parties, on March 24, 1992, the court entered an order allowing eight of the school districts to each add one taxpayer from its school district as a cross-claim plaintiff for the purpose of asserting cross-claims against state defendants.[1] In a two-count cross-complaint against state defendants, cross-claim plaintiffs, individual school board members, asserted that the act violated the fifteen-mill limi-

---

[1] Each of the eight individual taxpayers from the school districts was in actuality a member of each of the eight school boards, and will be referred to in this opinion as "school board members."

tation on general ad valorem taxes, Const 1963, art 9, § 6, and improperly reduced the state financing for an existing activity required of local government by state law. Const 1963, art 9, § 29.

Following motions for summary disposition, the trial court found that the basic mechanism of tax base sharing was constitutional, but reserved plaintiffs' and the school districts' claims under a portion of the Headlee Amendment, Const 1963, art 9, § 29, for later decision. Upon completing its consideration of those claims, the court concluded that the act was unconstitutional because its sanction for not sharing tax revenues, namely, loss of state aid, violated § 29.

State defendants then filed a motion requesting the court to apply a limited construction to the act that would preserve its constitutionality. The court denied the motion. With regard to costs, the trial court stated in an order dated January 25, 1993.

> Since this is a final Opinion and Order in this matter the Court should consider the matter of costs. Plaintiffs and the school districts are the prevailing parties and shall file a bill of costs within twenty-eight days. MCR 2.625(F)(2). The Headlee Amendment also provides that if a taxpayer's suit is sustained the taxpayer shall receive · from the applicable unit of government his cost. This provision has been interpreted to require the payment of reasonable attorney fees. *Durant v Board of Education,* 186 Mich App 83; 463 NW2d 461 (1990). Reasonable attorney fees that had been incurred in maintaining this suit by taxpayers may be included in their bill of costs.

The association and its individual members, as well as the school districts, and the individual

school board members, filed bills of costs in which they requested attorney fees.[2]

After a hearing, the court denied the school districts' and the association's request for attorney fees because they were not taxpayers. However, the court allowed the individual plaintiffs and school board members to proceed because they were taxpayers, and conducted an evidentiary hearing to determine reasonable attorney fees. The parties stipulated that the individual school board members were not contractually required to, nor did they, in fact, make any payments to the school districts or to their law firm for legal services rendered. Indeed, the retainer agreement with the law firm was with the school boards, who themselves had an internal arrangement for the payment of their fees. Moreover, at the evidentiary hearing, counsel for the school districts and the school board members acknowledged that if the court awarded attorney fees to the board members, the fees awarded would be used to reimburse the school districts.

With regard to individual plaintiffs who were members of the association, plaintiffs' counsel received only $200 from the association for legal representation in this case. Further, plaintiffs' counsel had no retainer agreement with individual plaintiffs, and no specific terms and conditions of representation were ever discussed with individual plaintiffs. Plaintiffs' counsel candidly acknowledged before this Court that he has no intention to

---

[2] They relied, as the trial court had in its opinion and order, on the Headlee Amendment, Const 1963, art 9, § 32, which states:

Any taxpayer of the state shall have standing to bring suit in the Michigan State Court of Appeals to enforce the provisions of Sections 25 through 31, inclusive, of this Article and, if the suit is sustained, shall receive from the applicable unit of government his costs incurred in maintaining such suit.

pursue individual plaintiffs for collection of his fees in the event that they are not awarded attorney fees.

On January 7, 1994, the circuit court issued an opinion and order in which it ruled that both the school board members and the individual members of the association were entitled to recover costs, which included attorney fees, pursuant to Const 1963, art 9, § 32. The court then awarded the school board members fees of $10,668.75, and the individual plaintiffs fees of $5,000.

As an initial matter in this appeal, the school districts and school board members argue that state defendants have not timely appealed the trial court's January 25, 1993, ruling on costs, and, thus, have waived an appeal as of right. We disagree.

The court's order of January 25, 1993, constituted the court's final disposition of the substantive issues of this case.[3] It was not the final order with regard to costs. The final order with regard to costs was issued on January 7, 1994, with a timely appeal being filed on January 26, 1994, pursuant to MCR 7.203(A)(1).

In *Gherardini v Ford Motor Co*, 394 Mich 430, 431; 231 NW2d 643 (1975), our Supreme Court addressed the issue of appeals of postjudgment orders setting attorney fees. The Court held:

> The fact that the judgment on the jury's verdict was appealable as of right—without regard to whether it was appealed—does not determine the appealability of the post-judgment order establishing the amount of attorney fees. The post-judgment order affected with finality rights of the

[3] An appeal of the substantive issues was timely filed and subsequently dismissed pursuant to a stipulation of the parties on April 12, 1994, following the repeal of the School District commercial and industrial property tax base sharing act in 1993 PA 260.

parties and was, therefore, appealable as of right. *Equitable Trust Co v Bankers Trust Co,* 268 Mich 394, 397-398; 256 NW 460 (1934). See *Detroit Trust Co v Blakely,* 359 Mich 621, 628-634; 103 NW2d 413 (1960), where an order allowing attorney fees, entered after the entry of an order disposing of the meritorious question, was held to be appealable as of right on authority of *Equitable Trust.* See, also, *People v Pickett,* 391 Mich 305; 215 NW2d 695 (1974), where this Court recognized that more than one "final" judgment could be entered in a criminal prosecution and an appeal as of right could be obtained from each final judgment; in that case, the first from a judgment or conviction and sentence to probation, the second from a judgment finding that a condition of probation was violated and sentence to prison.

This conclusion regarding finality, and when it attaches, is in accord with longstanding jurisprudential principles of this state. In 1879, Justice THOMAS M. COOLEY wrote:

It is not the stage of the case in which the order is made that determines its appealability, but . . . its effect upon the rights of the parties; and that must be the test of the finality of this order. [*Taylor v Sweet,* 40 Mich 736, 739-740 (1879).]

Further, this analysis is in conformity with the interpretation of the Federal Rules of Civil Procedure, as can be seen in *Budinich v Becton Dickinson & Co,* 486 US 196; 108 S Ct 1717; 100 L Ed 2d 178 (1988); *Morgan v Union Metal Mfg,* 757 F2d 792 (CA 6, 1985); 15B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3915.6, Court of Appeals-Jurisdiction-Attorney Fees and Sanction Orders, pp 323-349.

After disposing of the initial procedural arguments, we now turn to state defendants' substantive arguments. State defendants argue that costs

under § 32 do not include attorney fees. We disagree. In *Durant v Dep't of Ed (On Second Remand),* 186 Mich App 83; 463 NW2d 461 (1990), this Court held that costs under § 32 do include attorney fees. The *Durant* Court reasoned that constitutional language is to be read according to its natural, common, and most obvious meaning, *Syntex Laboratories, Inc v Dep't of Treasury,* 188 Mich App 383, 386; 470 NW2d 665 (1991), and concluded that the natural and most obvious meaning of "costs incurred in maintaining such a suit" includes the largest cost a taxpayer has: attorney fees. We find the *Durant* Court's reasoning to be sound, and, in so finding, we reaffirm the decision.

State defendants next argue that neither the individual plaintiffs nor the individual school board members actually incurred costs within the meaning of § 32. With regard to this issue their position has merit.

In determining the meaning of the constitutional language in § 32 concerning the incurring of costs, it is necessary to ascertain the understanding and intent of the voters who passed the Headlee Amendment. *Livingston Co v Dep't of Management & Budget,* 430 Mich 635, 642; 425 NW2d 65 (1988); *Durant v State Bd of Ed,* 424 Mich 364, 378; 381 NW2d 662 (1985). We look, then, to what the voters who passed the Headlee Amendment must have understood the term "incurred" to mean.

At the hearing in the trial court, counsel for the school districts and individual school board members defined the word "incur" as meaning "[t]o become liable for. When you incur a debt, you become liable for it."[4] Similarly, individual plain-

---

[4] The American Heritage Dictionary of the English Language (New

tiffs contend that the word "incur" should be given its common meaning and assert that "incur" means "to become liable for." *Harris v Mid-Century Ins Co,* 115 Mich App 591, 596; 322 NW2d 718 (1982); *Adkins v Auto Owners Ins Co,* 105 Mich App 431; 306 NW2d 312 (1980). In our view, these definitions are virtually indistinguishable and comport with the meaning the word "incur" would be given by reasonable minds and by the great mass of the people. *Livingston Co, supra* at 642. Accordingly, for a taxpayer to "incur" costs or attorney fees, the taxpayer must become liable to pay those costs or attorneys fees.

Using this definition, it is apparent that the individual school board members have not incurred any costs or attorney fees because they are not liable to pay anything. As this Court said in *Boyce v Grand Rapids Asphalt Paving Co,* 117 Mich App 546, 549; 324 NW2d 28 (1982), quoting 7 Am Jur 2d, Attorneys at Law, § 238, pp 277-278:

> "The creation of the relation of attorney and client by contract, express or implied, is essential to the right of an attorney to recover compensation for services. In general, there can be no recovery from one who did not employ or authorize employment of the attorney, however valuable the result of the attorney's services may have been."
>
> Where one of several persons, all of whom are equally interested in the results of a suit, employs an attorney to conduct the case for him and the benefit of the attorney's services from the nature of the case extends to all interested parties, the other parties do not, merely by accepting the benefits of the attorney's services without objection, become liable for the attorney's fees.

College Edition), at 667, defines "incur" as "[t]o become liable or subject to as a result of one's own action, bring upon oneself."

Because there was no attorney-client relationship between the law firm and the individual school board members, the individual school board members have incurred no costs required by the plain language of § 32.

Similarly, the individual members of the association did not have an attorney-client relationship with the lawyer representing the association. Accordingly, both the individual school board members' and the individual plaintiffs' award of attorney fees must be reversed because they did not incur any costs or attorney fees as required under § 32.

In ruling that both individual plaintiffs and individual school board members were entitled to attorney fees, the trial court relied on *Swickard v Wayne Co Medical Examiner,* 196 Mich App 98; 492 NW2d 497 (1992), which held that fees may be incurred by an individual even if they are actually paid by a third party. This reliance is misbegotten, however, because of the differences between the language of the statute at issue in *Swickard* and § 32.

In *Swickard,* a reporter for the Detroit Free Press filed a claim under the Freedom of Information Act (FOIA) to obtain an autopsy report from the Wayne County Medical Examiner. After the reporter prevailed in the case, he sued for attorney fees. The Wayne County Medical Examiner argued that it was not required to pay attorney fees to reporters because all legal costs were paid by the Detroit Free Press. The FOIA statute provided:

> If a person asserting the right to inspect or to receive a copy of a public record or a portion thereof prevails in an action commenced pursuant to this section, the court shall award reasonable attorney's fees, costs, and disbursements. [MCL 15.240(4); MSA 4.1801(10)(4)].

This Court, adhering to the language of the statute, affirmed the trial court's decision awarding attorney fees to the reporter even though the newspaper employer had paid all the legal fees. *Id.* at 101-103. In doing so, the *Swickard* Court construed the FOIA statute in accord with its plain meaning, which is to award reasonable attorney fees without a condition imposed regarding who actually paid them. Unlike the FOIA statute, § 32 contains a requirement that the taxpayer seeking fees must have incurred the costs in maintaining the suit. It is the phrase "[the taxpayer's] costs incurred in maintaining such suit" that distinguishes the two provisions and robs *Swickard* of any effect in construing § 32.

The conclusion we have reached has been described by individual plaintiffs as a result that would be unrealistic. In response, it is enough merely to say that this is the result that the language of the constitution clearly requires. It would be a violation of our judicial duty to the people of this state to mischaracterize the language of Michigan's fundamental charter to produce a desired result.

Affirmed in part and reversed in part.