# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL WALLACE,

        Plaintiff-Appellant,

v

DAVID A. MONROE and DAVID A. MONROE,
PLLC,

        Defendants,

and

WILLIAM J. OLIVER, DAVID S. HAMMOND,
HAMMOND & OLIVER, PC, HAMMOND LAW
FIRM, PLLC, and OLIVER & ASSOCIATES,
PLLC,

        Defendants-Appellees.

UNPUBLISHED
December 17, 2015

No. 322599
Livingston Circuit Court
LC No. 13-027549-NM

Before: METER, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

Plaintiff appeals as of right from the trial court's orders granting defendants-appellees (hereinafter "defendants") summary disposition pursuant to MCR 2.116(C)(10) (no genuine issue of material fact).[1] We affirm.

At some point in 2008, plaintiff called Hammond & Oliver, PC, in relation to a real estate lawsuit filed against him. This was the second time that plaintiff had called Hammond & Oliver, PC, seeking legal representation.[2] Plaintiff was allegedly prompted by a telephone-book advertisement, and on both occasions the firm's receptionist allegedly "assigned" plaintiff's case to David A. Monroe. The full-page advertisement included the Hammond & Oliver firm's name,

---

[1] Claims against David A. Monroe and David A. Monroe, PLLC, were dismissed for failure to be served. MCR 2.102(E).

[2] In 2004, plaintiff contacted the firm with respect to a child-support dispute.

-1-

practice areas, and contact information. On the left side of the advertisement, there were three portrait photographs: one of David S. Hammond, one of William J. Oliver, and one of Monroe. Monroe was identified as "Of Counsel." With respect to the real estate lawsuit, plaintiff signed a retainer agreement with Monroe. Specifically, the retainer agreement, on the signature page, referred to "DAVID A. MONROE, P.L.L.C.," and was signed by plaintiff and Monroe. The first page stated that "[t]he undersigned client retains the *law firm* of DAVID A. MONROE, P.L.L.C., as client's attorneys to represent the client in an action against Craig Padlo . . . ." (Emphasis added.)

The real estate case eventually ended in a binding arbitration decision and judgment against plaintiff in the amount of $196,971.86. Thereafter, plaintiff filed the instant action, asserting claims of legal malpractice and breach of contract arising out of Monroe's handling of the real estate lawsuit. Defendants moved for summary disposition, arguing, in part, that they did not have an attorney-client relationship with plaintiff. The trial court agreed and granted their motions pursuant to MCR 2.116(C)(10). "I just don't see that a question of fact exists that Hammond or Oliver, either individually or through their law firms, ought to be involved in this case," the court explained. Expressly choosing not "to reach the issue of whether or not the underlying case . . . would have been successful," the trial court concluded that "the Retainer Agreement [was] clear and unambiguous on its face" and "ma[de] it clear that plaintiff in this case retained David A. Monroe, PLLC . . . as counsel here and Monroe signed it on behalf of his own firm." Accordingly, the court dismissed plaintiff's case.

Plaintiff contends that the trial court's decision was erroneous because a question of fact existed regarding whether an attorney-client relationship existed between himself and the Hammond & Oliver firm. A trial court's decision on a motion for summary disposition is reviewed de novo. *Sholberg v Truman*, 496 Mich 1, 6; 852 NW2d 89 (2014). Summary disposition is appropriate pursuant to MCR 2.116(C)(10) when "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." "A motion for summary disposition under MCR 2.116(C)(10) tests the factual support of a claim. The reviewing court considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties in the light most favorable to the nonmoving party." *Estate of Mitchell v Dougherty*, 249 Mich App 668, 675-676; 644 NW2d 391 (2002) (citation omitted).

"The elements of a legal malpractice action are: (1) the existence of an attorney-client relationship; (2) negligence in the legal representation of the plaintiff; (3) that the negligence was a proximate cause of an injury; and (4) the fact and extent of the injury alleged." *Charles Reinhard Co v Winiemko*, 444 Mich 579, 585-586; 513 NW2d 773 (1994) (citation and quotation marks omitted). "If there is an attorney-client relationship, a duty to use and exercise reasonable care, skill, discretion, and judgment with regard to the representation of the client exists as a matter of law." *Persinger v Holt*, 248 Mich App 499, 502; 639 NW2d 594 (2001). The only element implicated in this appeal is the first—the existence of an attorney-client relationship.

"The rendering of legal advice and legal services by the attorney and the client's reliance on that advice or those services is the benchmark of an attorney-client relationship." *Macomb Co Taxpayers Ass'n v L'Anse Creuse Pub Schs*, 455 Mich 1, 11; 564 NW2d 457 (1997). A formal contract and the payment of a fee is not necessary. *Id*. "Generally, a client's employment

of one member of a law firm is deemed to be the employment of the firm itself." *Plunkett & Cooney, PC v Capitol Bancorp, Ltd*, 212 Mich App 325, 329; 536 NW2d 886 (1995).

Plaintiff concedes "that he hired David A. Monroe on his case and that he knew Monroe was his lawyer." He contends, however, that he thought Monroe was part of the Hammond & Oliver law firm because of the advertisement discussed above and because of the shared office space and receptionist. This argument is unavailing. The use of shared office space and a shared receptionist is not an unusual or unexpected arrangement, and Monroe is specifically listed as "of counsel" in the advertisement and in the letterhead[3] to which plaintiff refers. While plaintiff contends that he did not understand the meaning of the phrase "of counsel," this failure to understand cannot be used to impose an attorney-client relationship on defendants when there was not an employee-employer relationship between Monroe and any defendant and particularly where the retainer agreement clearly and unambiguously stated that plaintiff was hiring "the law firm of DAVID A. MONROE, P.L.L.C.," as his attorney and where defendants were not mentioned anywhere in the retainer agreement.[4]

Plaintiff relies on *Hart v Comerica Bank*, 957 F Supp 958 (ED Mich, 1997), in support of his argument. In *Hart*, 957 F Supp at 978-979, the court found a question of fact regarding whether an "of counsel" attorney had an agency relationship with a law firm. First, that federal case is nonbinding in the present appeal. *Abela v General Motors Corp*, 469 Mich 603, 606-607; 677 NW2d 325 (2004). Second, there were factors in *Hart* (such as the firm's lawyers working for the "of counsel" attorney and the "of counsel" attorney's being covered by the firm's malpractice insurance) that have not been raised in the present appeal. See *Hart*, 957 F Supp at 979.[5]

---

[3] Although plaintiff mentions this letterhead on appeal, at his deposition, plaintiff stated that he could not recall seeing letterhead from the Hammond & Oliver firm but had seen letterhead from Monroe specifically.

[4] One paragraph of the retainer agreement stated that "there may be times when the principal attorney may not be available for a court hearing. In such event, it is agreed that other members of the law firm may appear on behalf of the client for the hearing." However, the paragraph did not specify the name of this "law firm," and again, the first page of the agreement referred to "the law firm of DAVID A. MONROE, P.L.L.C.," and the signature page referred to plaintiff and "DAVID A. MONROE, P.L.L.C."

[5] Defendants raise the concept of "ostensible agency," arguing that no such agency existed here. Ostensible agency arises when, among other things, the plaintiff has a reasonable belief that the defendant is acting as an agent for another. See *Chapa v St Mary's Hosp of Saginaw*, 192 Mich App 29, 33-34; 480 NW2d 590 (1991). The retainer agreement here precludes a finding of the "reasonable" belief necessary for ostensible agency. At any rate, we note that no party cites a binding Michigan case extending the concept of ostensible agency to a legal malpractice claim.

Affirmed.

/s/ Patrick M. Meter
/s/ Stephen L. Borrello