# STATE OF MICHIGAN

# COURT OF APPEALS

KHALED MOHAMED and BLUE LOTUS
HOOKAH LOUNGE, LLC,

UNPUBLISHED
November 3, 2016

Plaintiffs/Counter Defendants-
Appellants,

v

No. 327308
Oakland Circuit Court
LC No. 2014-139245-NM

ELSAYED MOSTAFA and LAW OFFICE OF
ELSAYED MOSTAFA, PLC,

Defendants/Counter Plaintiffs-
Appellees.

Before: MURPHY, P.J., and STEPHENS and BOONSTRA, JJ.

PER CURIAM.

In this legal malpractice action, plaintiffs appeal by right the trial court's order granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(10) (no genuine issue of material fact).[1] We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiffs' claim of legal malpractice is based on the assertion that defendants failed to negotiate the inclusion of a non-disturbance clause[2] in a commercial lease agreement entered into by plaintiff Blue Lotus Hookah Lounge, LLC (Blue Lotus) (as tenant) and personally guaranteed by plaintiff Khaled Mohamed. The property was subsequently foreclosed upon and the tenant

---

[1] The trial court also dismissed defendants' counterclaim by stipulation of the parties.

[2] A provision under which a tenant agrees to accept a new owner of the rental property as landlord in return for the right to continue occupying leased premises for the duration of the lease, even after the property is sold or foreclosed. See, e.g., 1 Friedman, Friedman on Leases, § 7.704 (b), at 431 (1997).

was evicted.[3]   After plaintiffs filed suit for legal malpractice, defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(10), contending that no attorney-client relationship existed with Mohamed.   Defendants also argued that they were retained for the limited purpose of negotiating the lease's "buildout credit clause."[4]

In granting defendants' motion for summary disposition on March 11, 2015, the trial court noted that while plaintiffs disputed defendants' contention that an attorney-client relationship existed solely between defendants and Blue Lotus, they did not provide any evidence of an attorney-client relationship between defendants and Mohamed.   Accordingly, the trial court held that defendants owed no duty to Mohamed, and granted summary disposition in favor of defendants on Mohamed's claims.   With regard to the claims of Blue Lotus, the trial court also found that plaintiffs had failed to rebut defendant Elsayed Mostafa's (Mostafa) affidavit that defendants' representation was limited to the buildout credit issue.   Therefore, plaintiffs had failed to demonstrate the existence of a genuine issue of material fact regarding defendants' duty or alleged negligence, and the trial court accordingly granted summary disposition in favor of defendants on Blue Lotus's claims.

Thereafter, plaintiffs filed a motion for relief from order or judgment and for rehearing and reconsideration (first motion for reconsideration), arguing that the trial court had erred in granting summary disposition, and suggested without evidentiary support that Mostafa had given contrary deposition testimony.   The trial court denied the motion.   Plaintiffs then filed a "renewed" motion for relief from order or judgment and for rehearing and reconsideration (second motion for reconsideration), attaching certain documentary support, and later filed a supplemental exhibit to that motion comprised of a transcript of Mostafa's March 31, 2015 deposition in another matter.   The trial court denied the motion, noting that plaintiffs had failed to cite any authority permitting plaintiffs to seek reconsideration of the denial of a prior motion for reconsideration.

This appeal followed.

## II.  STANDARD OF REVIEW

"This Court reviews de novo a circuit court's decision whether to grant or deny summary disposition." *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012).   A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012).   The trial court "must consider the affidavits,

---

[3] Mohamed testified by deposition that defendants subsequently represented Blue Lotus in a suit against the former owner of the building, and that they received a default judgment.   Mohamed testified that either he or Blue Lotus had attempted to collect on the judgment, but was unsuccessful.   Mohamed implied that the defendants in that lawsuit were judgment-proof, i.e., had no assets from which to collect a judgment.

[4] A clause indicating a specific number of months of free rent to be given in consideration for improvements made to the property.

pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id.* All reasonable inferences are to be drawn in favor of the nonmovant. *Dextrom v Wexford Co*, 287 Mich App 406, 415; 789 NW2d 211 (2010). A genuine issue of material fact exists if, when viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 983 NW2d 223 (2013).

The moving party must specifically identify the matters that have no disputed factual issues, and has the initial burden of supporting his position by affidavits, depositions, admissions, or other documentary evidence. MCR 2.116(G)(3)(b); MCR 2.116(G)(4); *Coblentz v Novi*, 475 Mich 558, 569; 719 NW2d 73 (2006). The party opposing the motion then has the burden of showing, through the introduction of evidence, that a genuine issue of material fact exists. MCR 2.116(G)(4); *Coblentz*, 475 Mich at 569. In determining whether a factual dispute exists, the trial court need not independently search the entire record, but must consider the documentary evidence identified by the parties in contesting the motion. *Barnard Mfg Co v Gates Performance Engineering, Inc*, 285 Mich App 362, 377; 775 NW2d 618 (2009).

This Court reviews for an abuse of discretion a trial court's decision on a motion for reconsideration or for relief from judgment. *Churchman v Rickerson*, 240 Mich App 223, 133; 611 NW2d 333 (2000); *Yee v Shiawassee Bd of Comm'rs*, 251 Mich App 379, 404; 651 NW2d 756 (2002). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Moore v Secura Ins*, 482 Mich 507, 516; 759 NW2d 833 (2008). MCR 2.612(C)(1)(b) provides that a court may provide relief from a final judgment or order based on "[n]ewly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(13)." For a new trial to be granted on the basis of newly discovered evidence, the requesting party must show that: "(1) the evidence itself, not merely its materiality, was newly discovered; (2) the newly discovered evidence was not cumulative; (3) the party could not, using reasonable diligence, have discovered and produced the evidence at trial; and (4) the new evidence makes a different result probable on retrial." *People v Cress*, 468 Mich 678, 692; 664 NW2d 174 (2003) (internal quotation marks and citation omitted).

## III. DUTY

Plaintiffs argue that the trial court erred in granting defendants' motion for summary disposition because defendants owed defendants a duty as a matter of law. We disagree.

"Legal malpractice is a form of negligence." See *Basic Food Indus, Inc v Grant*, 107 Mich App 685, 690; 310 NW2d 26 (1981). "In an action for legal malpractice, the plaintiff has the burden of proving:

(1) the existence of an attorney-client relationship;

(2) negligence in the legal representation of the plaintiff;

(3) that the negligence was a proximate cause of an injury; and

(4) the fact and extent if the injury alleged. [*Coleman v Gurwin*, 443 Mich 59, 63; 503 NW2d 435 (1993) (citation footnotes omitted).]

"Duty is any obligation the defendant has to the plaintiff to avoid negligent conduct." *Simko v Blake*, 448 Mich 648, 655; 532 NW2d 842 (1995). The existence of a duty in negligence cases is a question of law for the court. *Id.* "In legal malpractice actions, a duty exists, as a matter of law, if there is an attorney-client relationship." *Id.* An attorney-client relationship "may be implied from conduct of the parties . . . [and] is sufficiently established when it is shown that the advice and assistance of the attorney are sought and received in matters pertinent to his profession." *Macomb Co Taxpayers Ass'n v L'Anse Creuse Pub Sch*, 455 Mich 1, 11; 564 NW2d 457 (1997). The attorney-client relationship is not dependent on the payment of a fee or on a formal contract. *Id.* "The rendering of legal advice and legal services by the attorney and the client's reliance on that advice or those services is the benchmark of an attorney-client relationship." *Id.*

We agree with the trial court that there is no evidence that defendants were retained to represent Mohamed's interests apart from Blue Lotus (and apart from representing Mohamed in obtaining a tobacco certification, for which he was paid $3,000 by Mohamed). In fact, plaintiffs acknowledged in their response to defendants' summary disposition motion that Mohamed retained defendants "on behalf of" Blue Lotus. Blue Lotus was the sole tenant under the lease. And Mostafa attested in his affidavit that he believed Mohamed to have been acting as a member or manager of Blue Lotus. Plaintiffs have failed to offer any evidence to the contrary. Accordingly, the record is simply devoid of any evidence that Mostafa owed a duty to Mohamed individually. Generally, without evidence to the contrary, when an attorney represents a corporate entity its client is the entity, not the shareholders. See *Fassihi v Sommers, Schwartz, Silver, Schwartz & Tyler, PC*, 107 Mich App 509, 514; 309 NW2d 645 (1981). The same principle obtains with respect to corporate agents, such as Mohamed. The trial court therefore properly granted summary disposition in favor of defendants with respect to the claims of Mohamed. *Simko v Blake*, 448 Mich at 655.

With regard to Blue Lotus, the trial court indeed found (in part) a lack of duty; however, that ruling was premised not on the absence of an attorney-client relationship (as with Mohamed), but rather on plaintiffs' failure to rebut the undisputed evidence of the limited scope of defendants' representation of Blue Lotus. We agree with the trial court that plaintiffs wholly failed to offer any evidence to demonstrate a broader scope of representation, and consequently failed to show a genuine issue of material fact regarding the absence of any duty owed by defendants to Blue Lotus beyond the acknowledged limited scope of representation. Accordingly, the trial court therefore properly granted summary disposition in favor of defendants with respect to the claims of Blue Lotus. *Simko v Blake*, 448 Mich at 655; see also *Gorman v Am Honda Motor Co, Inc*, 302 Mich App 113, 120; 839 NW2d 223 (2013) (appellate review of a trial court's decision on summary disposition is limited to the evidence that has been presented at the time the motion was decided).

IV. NEWLY DISCOVERED EVIDENCE

Plaintiffs next argue the trial court erred (presumably in the denial of their motions for reconsideration) by failing to consider "new evidence" including, specifically, Mostafa's March 31, 2015 deposition testimony in another matter. We disagree.

In presenting this argument, plaintiffs conflate multiple issues. Principally, plaintiff again endeavors to call into question whether defendants owed a legal duty to Mohammed. Secondarily, and without the benefit of a developed argument, plaintiffs peripherally call into question the trial court's ruling as to the scope of defendants' representation. Giving plaintiffs the benefit of the doubt, we will address both issues.

The Court first notes that the deposition transcript was not attached to plaintiffs' first motion for reconsideration. Moreover, while that first motion for reconsideration referenced two exhibits, the record does not reflect that any exhibits were filed with the motion. Regardless, the trial court did not err in denying plaintiff's first motion for reconsideration.

Plaintiffs did file certain exhibits with their second motion for reconsideration. Further, plaintiffs subsequently filed a supplemental exhibit comprised of Mostafa's March 31, 2015 deposition transcript.

Plaintiffs principally maintain that the trial court should have considered Mostafa's March 31, 2015 deposition testimony indicating his awareness that Mohamed was not a member of the LLC. In doing so, plaintiffs present an internally inconsistent and factually incorrect position that Mostafa sought in his affidavit in this case to contract his earlier deposition testimony in another matter. However, while referencing the dates of the affidavit and deposition as January 20, 2015 and March 31, 2015, respectively, plaintiffs nonetheless characterize the deposition as having occurred "earlier" than the affidavit, and the affidavit as having been made "after" the deposition. The converse is in fact true.[5]

In any event, we do not find that this testimony creates a genuine issue of material fact. Plaintiffs perceive a contradiction between Mostafa's affidavit (stating that he had believed that Mohamed was a member of Blue Lotus and later learned that Mohamed was not a member) and his subsequent March 31, 2015 deposition (stating that he was aware of only one member of the LLC, Mohktar Ibrahim). We perceive no material contradiction, and no genuine issue of

_____

[5] We note that plaintiffs similarly argued in their first motion for reconsideration (which was filed the day after Mostafa's March 31, 2015 deposition) that Mostafa's affidavit contradicted his "earlier" deposition testimony to the effect that Mostafa "was negotiating on behalf of Plaintiff." It is unclear whether this argument reflects a contention by plaintiffs at that time that Mostafa's affidavit contradicted his March 31, 2015 deposition (in another matter) or that it contradicted his earlier November 18, 2014 deposition in this matter (which was considered by the trial court in granting summary disposition). Nor is it clear whether plaintiff's reference to the singular "Plaintiff" was intended to reference Mohammed, Blue Lotus, or both. In any event, we discern no material contradiction between the affidavit and either deposition transcript.

-5-

material fact, inasmuch as plaintiffs failed in any event to establish a duty owed to Mohamed, and the testimony in question is entirely irrelevant to that issue.[6]

Further, with regard to the additional documentary evidence that plaintiffs sought to introduce via their second motion for reconsideration, the trial court was correct in declining to consider this evidence. No authority supports the proposition that a party may seek reconsideration of a decision on a motion for reconsideration. Moreover, plaintiffs do not explain how any of the correspondence or other documents attached to their renewed motion (apart from the March 31, 2015 Mostafa deposition), or purportedly attached to their first motion for reconsideration, was "newly discovered."

Further, even if we were to generously assume that plaintiffs have properly presented on appeal an argument relative to the scope of defendants' representation of Blue Lotus, and even if we were to consider the additional evidence that plaintiffs submitted to the trial court with their motion(s) for reconsideration, plaintiffs' argument is unavailing. In support of their motion for summary disposition, defendants presented the trial court with an affidavit from Mostafa stating that he was engaged to negotiate the buildout credits for Blue Lotus's lease, and that after the eviction he filed a lawsuit against the landlord and obtained a default judgment. Defendant also presented emails concerning the buildout credit and issues related to improvements to the building, which were part of the buildout credit negotiation process. In response, plaintiffs presented the trial court with legal bills from defendants to Blue Lotus, arguing that the number of billing entries before the eviction (64) indicated that Mostafa was engaged to represent Blue Lotus in all aspects of the lease negotiations. Plaintiffs additionally attached some emails and correspondence addressed or copied to Mostafa, as well as Mostafa's November 18, 2014 deposition transcript.

We conclude, as did the trial court, that plaintiff did not carry its burden of showing through documentary evidence that a genuine issue of material fact existed regarding the scope of defendants' representation. *Coblentz*, 475 Mich at 569. Although "act of sending a bill constitutes an acknowledgment . . . that [he] was performing legal services" for Blue Lotus, *Maddox v Burlingame*, 205 Mich App 446, 451; 517 NW2d 816 (1994), the billing statement does not provide any specific or meaningful rebuttal of Mostafa's affidavit. In fact, of the billing entries made before Blue Lotus's eviction, nearly all of them were telephone calls or emails, with only one hour billed for "modifications to lease" and one hour billed for "research." Although not dispositive on its own by any means, we cannot reasonably conclude that this amount of legal research and modifications to the lease supports an inference that defendants were retained to generally represent Blue Lotus during the entire process of negotiating a commercial lease, rather than for a limited purpose as attested to by Mostafa. Further, the correspondence from third parties does not establish the scope of defendants' representation of Blue Lotus. Finally, as noted, the deposition testimony is not to the contrary. In sum, even viewing the evidence in the

---

[6] We note additionally that in that same deposition testimony, Mostafa also stated, as he did in his affidavit, that he believed Mohamed was acting as a manager of the LLC during the relevant time period.

light most favorable to plaintiffs, we conclude that the trial court did not err in granting summary disposition in favor of defendants on Blue Lotus's claims.

Affirmed.

/s/ William B. Murphy
/s/ Cynthia Diane Stephens
/s/ Mark T. Boonstra